375 A.2d 155

**COMMONWEALTH of Pennsylvania**

v.

**Howard WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided June 29, 1977.

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On May 22, 1975, the appellant, Howard T. Williams, entered pleas of guilty, before the Honorable Calvin WILSON of Philadelphia County, to charges of criminal conspiracy (indictment No. 156), robbery (indictment No. 157) and violation of the Uniform Firearms Act (indictment No. 154). Sentencing was deferred pending pre-sentence and psychiatric reports. Subsequently Judge WILSON suffered a stroke, had a period of recuperation and thereafter commenced sitting exclusively in civil court. Due to Judge WILSON'S unavailability, sentencing was initially listed before the Honorable Ethan DOTY of the Philadelphia court.

Despite his incarceration, appellant requested and was granted a continuance in sentencing on his request that it be postponed until Judge WILSON finished his recuperation and could return to the criminal court bench for sentencing duties. On February 4, 1976, the case was again listed for sentencing before the Honorable Joseph P. BRAIG.

■ Appellant filed a pro se motion to withdraw his guilty plea, arguing, *inter alia*, that his plea had been entered on the assumption that Judge WILSON would be the sentencing judge. After a hearing on the request wherein appellant was represented by counsel, the motion was denied. The appellant was then sentenced to two and a half (2½) to five (5) years imprisonment on the robbery charge (indictment No. 157) to be followed by three years of probation on the conspiracy charge (indictment No. 156). Sentence was suspended on the firearms charge (indictment No. 154).[1] On this appeal, appellant maintains the claim that he should have been permitted to withdraw his guilty plea when it became impossible for him to be sentenced by the same judge who accepted his plea. We cannot agree that the lower court committed an abuse of discretion or other error in denying appellant's request.

■ In the review of a claim that the lower court wrongfully denied a request for withdrawal of a guilty plea we must evaluate whether the court abused its discretion. Rule 320 of the Pennsylvania Rules of Criminal Procedure provides: "At any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." We would find an abuse of discretion by the lower court in refusing a request for withdrawal of a guilty plea where the defendant, prior to sentencing, presents a "fair and just" reason for withdrawing the plea and the prosecution has suffered no substantial prejudice in reliance on the plea. *Commonwealth v. Morales*, 452 Pa. 53, 305 A.2d 11 (1973); *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973); *Commonwealth v. Santos*, 450 Pa. 492, 301 A.2d 829 (1973).

1. No appeal has been taken from the latter sentence.

The appellant, in support of the "fair and just" reason requirement argues merely that he expected Judge WILSON to sentence him and had confidence that Judge WILSON was compassionate and would pay due heed to his background and social situation. There is not a shred of evidence or even an assertion by appellant that the sentencing judge, the Honorable Joseph P. BRAIG, was lacking in compassion or fairness or that he neglected to consider all relevant background and social factors available to him from comprehensive pre-sentence and psychiatric reports. In short, the appellant was engaged in judge "shopping", a practice we cannot condone or assist. Compare other situations such as in *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973) and *Commonwealth v. Culbreath*, 439 Pa. 21, 264 A.2d 643 (1970). In view of our determination that appellant presented no "fair and just" reason to support his withdrawal request, there is no need to examine, in detail, the reasons offered by the Commonwealth in its assertions that it would have been prejudiced by allowing a withdrawal of the plea. However, it is noteworthy and bears mention that the two principal Commonwealth witnesses were each over seventy years of age at the time of the robbery and would have had an obvious dimming of memory caused by the delay between the entry of the plea and the filing of the appellant's motion to withdraw the plea.

Rule 1401(a) of the Pennsylvania Rules of Criminal Procedure provides that the judge who received the guilty plea should impose sentence, unless ". . . there are extraordinary circumstances which preclude his presence". In the instant case, the sudden onset of illness, which disabled Judge WILSON for some time, and which thereafter precluded his involvement in the rigorous duties inherent in the criminal court, certainly constituted "extraordinary circumstances" within the meaning of the Rule and thereby permitted the assignment of another judge for sentencing. Appellant, in correspondence with this Court, following the submission of briefs, argues that Section (b) of Rule 1401 provides grounds supportive of his efforts to withdraw his plea. That Section provides:

(b) A Court may provide by local rule that sentence on a plea of guilty or nolo contendere may be imposed by a judge other than the judge who received a plea of guilty or nolo contendere. In such event, the defendant must be so notified at the time of entering the plea.

There are several reasons to reject this argument. We have held many times that we will not review theories or arguments raised for the first time on appeal and not previously argued before the lower court. Moreover, with respect to this claim we note that Section (b), as set forth above, was not made effective until September 28, 1975, after the plea was entered in this case. Last, from a reading of the Section, and the comments to the Rule, it is apparent that Section (b) was intended to cover those situations in which a county, by local rule, adopts a general practice or procedure of having pleas taken by different judges, on a rotating basis, who may or may not thereafter pronounce sentence in the same cases. The instant case does not involve such a general practice.

In light of all the circumstances, we perceive no error in the lower court's denial of permission for withdrawal of appellant's guilty plea.

Affirmed.

HOFFMAN, J., concurs in the result only.