375 A.2d 173

COMMONWEALTH of Pennsylvania

v.

Howard W. BOOFER, Appellant.

Superior Court of Pennsylvania.

Argued April 13, 1976.

Decided June 29, 1977.

William D. Kemper, Butler, for appellant.

Robert F. Hawk, Butler, with him David L. Cook, Assistant District Attorney, Butler, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

SPAETH, Judge:

This appeal is from an order denying appellant's request to withdraw his guilty plea.

Rule 320 of the Pennsylvania Rules of Criminal Procedure provides that "[a]t any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." The discretion thus given the court is not, however, unfettered. Since a plea of guilty involves the waiver of constitutional rights guaranteed an accused, in exercising its discretion the court should be liberal. *Commonwealth v. Woods*, 452 Pa. 546, 307 A.2d 880 (1973); *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973); *Commonwealth v. Santos*, 450 Pa. 492, 301 A.2d 829 (1973).

Thus, in determining whether to grant a presentence motion for withdrawal of a guilty plea, 'the test to be applied by the trial courts is fairness and justice.' *United States v. Stayton*, [408 F.2d 559 (3d Cir. 1969)] . . . at 561. If the trial court finds 'any fair and just reason,' withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been 'substantially prejudiced.' ABA Standards Relating to Pleas of Guilty

[ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty § 2.1 (Approved Draft 1968)] . . .

*Commonwealth v. Forbes, supra,* 450 Pa. at 191, 299 A.2d at 271.

Of these considerations, the critical one is the presence or lack of prejudice to the Commonwealth. *Commonwealth v. McLaughlin,* 469 Pa. 407, 366 A.2d 238 (1976).

▇ Here the Commonwealth does not take issue with appellant's contention that no prejudice to the prosecution will result from withdrawal of the plea. Further, appellant supports his request for withdrawal by asserting his innocence. An assertion of innocence is a "fair and just reason" for permitting withdrawal of a guilty plea. *Commonwealth v. Woods, supra; Commonwealth v. Forbes, supra.* Under these circumstances, the lower court's denial of the request for withdrawal was an abuse of discretion. *Commonwealth v. Morales,* 452 Pa. 53, 305 A.2d 11 (1973).

The judgment of sentence is reversed; the record is remanded with instructions to permit appellant to withdraw his guilty plea.