418 A.2d 623

**COMMONWEALTH of Pennsylvania**

v.

**Rose Lee HALL, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed Feb. 13, 1980.

86

Alphonse P. Lepore, Jr., Assistant Public Defender, Union-town, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends that she should be permitted to withdraw her plea of guilty to charges of corruption of minors and voluntary deviate sexual intercourse. We disagree and, accordingly, affirm the order of the trial court denying appellant's petition for withdrawal.

Appellant was charged with felonious restraint, involuntary deviate sexual intercourse, corruption of minors, simple assault, criminal conspiracy and recklessly endangering another. Pursuant to an agreement by which appellant would testify against a codefendant and the Commonwealth would nol–pros most of the charges and recommend a sentence of imprisonment of 11½ to 23 months, appellant pleaded guilty to charges of corruption of minors and voluntary deviate sexual intercourse. The trial court accepted the plea but did not at that time impose sentence. On February 21, 1979, appellant filed a petition for withdrawal of her plea. The trial court denied the petition, and this appeal followed.

When a defendant seeks withdrawal of a guilty plea before imposition of sentence, the trial court, in its discretion, should grant the petition for any fair and just reason, unless the Commonwealth has been substantially prejudiced by reliance upon the plea. *See, e. g., Commonwealth v.*

*Forbes,* 450 Pa. 185, 299 A.2d 268 (1971). In the present case, appellant has not offered a fair and just reason for withdrawal.

■ Appellant offers four reasons for permitting withdrawal. First, she contends that at the time of the plea, she was unable to understand what she was doing because she was only 19 years old and had completed school only through the tenth grade. Appellant, however, fails to identify any matter which she did not understand. The record shows that appellant spoke coherently and appeared able to understand the proceedings and the nature of the plea. Thus, appellant's bare assertion is insufficient to justify relief.

■ Second, appellant contends that her testimony at the plea hearing established a defense to the charges to which she was pleading guilty. Appellant testified that the 13–year–old complainant had voluntarily engaged in oral sex. Voluntary consent of the victim, however, is not a defense to corruption of minors or voluntary deviate sexual intercourse. *See* 18 Pa.C.S.A. §§ 3124, 3125; *Commonwealth v. Doyle,* 275 Pa.Super. 373, 418 A.2d 1336 (1979). Appellant also stated that the victim said she was 16 years old, two years above the limit defining minority with respect to sex crimes. Even if justified, appellant's mistaken belief as to the victim's age was irrelevant. *See* 18 Pa.C.S.A. § 3102.

Thus, appellant's testimony provides no basis for granting her petition.

■ Third, appellant notes that the Commonwealth did not call her to testify against her codefendant. From this fact, appellant concludes that there is no prejudice to the Commonwealth in dissolving the plea agreement. We need not consider potential harm to the Commonwealth, however, unless appellant presents a valid reason for withdrawal. That the Commonwealth chose not to take full advantage of the plea agreement does not absolve appellant of the obligation to present such a reason.

■ Finally, appellant states that the codefendant was acquitted at his separate trial. She argues that the acquit-

tal indicates both that the Commonwealth's case against her may be too weak to satisfy the standard of reasonable doubt and amounts to information crucial to her decision but not available at the time of the plea. The strength of the Commonwealth's case against appellant, however, did not depend upon its success in convicting the codefendant, who was charged with performing different acts. The plea colloquy discloses sufficient evidence to support conviction for the charges to which appellant pleaded guilty. Moreover, the Commonwealth's evidence against the codefendant was not information previously unavailable to appellant. *See Commonwealth v. Reider*, 255 Pa.Super. 163, 386 A.2d 559 (1978) (previously unavailable psychiatric report). Rather, appellant was at all times aware of the evidence against her. She was ignorant only of the disposition the jury would make in her codefendant's case, which had no bearing on her ability to enter a valid plea.

We conclude that appellant has not offered any fair and just reason for withdrawal of her guilty plea. Accordingly, the trial court did not err in denying her petition for withdrawal of the plea. *See Commonwealth v. Batley*, 436 Pa. 377, 260 A.2d 793 (1970).

Order affirmed.