418 A.2d 744

**COMMONWEALTH of Pennsylvania**

v.

**Jack Alvin AMMON, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed March 7, 1980.

326

James V. McGough, Altoona, for appellant.

Thomas G. Peoples, Jr., District Attorney, Hollidaysburg, for Commonwealth, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

CAVANAUGH, Judge:

On October 23, 1978, appellant Jack Ammon came to trial before a jury in Blair County on charges of kidnapping, involuntary deviate sexual intercourse, corruption of minors, indecent assault and operating under the influence of drugs or alcohol. After one day of trial on the morning of October 24, 1978, appellant's counsel advised the prosecutor that his client desired to submit a plea of nolo contendere to the charges of kidnapping and involuntary deviate sexual intercourse. The court, after having been so advised, conducted a colloquy with appellant and thereafter accepted the plea and deferred sentencing in order to obtain a presentence report. Within ten days appellant filed a petition to withdraw his plea and at the same time his counsel petitioned to withdraw. The court appointed substitute counsel in order to avoid a conflict of interest. On January 8, 1979, a hearing was conducted on the application to withdraw the plea. The petition was denied, and on January 19, 1979, appellant was sentenced to consecutive sentences of not less than eight nor more than sixteen years on the kidnapping and involuntary deviate sexual intercourse charges.[1] On February 7, 1979, the defendant's motion challenging the denial of the presentence motion to withdraw his plea of nolo contendere was denied, as was his motion which attacked the sentence as excessive. On this appeal we are asked to decide whether appellant should have been permitted to withdraw his plea of nolo contendere prior to the sentencing and whether the sentence is excessive or unlawful under the circumstances of this case.

For purposes of this review a plea of nolo contendere is treated the same as a plea of guilty. *Com. v. West,* 250 Pa.Super. 557, 378 A.2d 1289 (1977); *Com. v. Hayes,* 245 Pa.Super. 521, 369 A.2d 750 (1976). The right to withdraw a plea before sentencing rests initially in the discretion of the trial court. Pa.R.Crim.Procedure § 320 provides:

1. Appellant was also sentenced to pay the costs and a fine of $250.00 on each charge. The other charges were later nol prossed.

At any time before sentenc[ing], the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted.

In *Com. v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973), our Supreme Court stated that "although there is no absolute right to withdraw a guilty plea, properly received by a trial court, it is clear that a request made BEFORE sentencing . . . should be liberally allowed" 450 Pa. at 190, 299 A.2d at 271 (emphasis in original). *Forbes* and many subsequent Pennsylvania cases have relied upon the ABA Standards in determining the issue of withdrawal of pleas.[2]

The ABA Standards provide:

2.1 Plea withdrawal.

(a) The court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.

(i) A motion for withdrawal is timely if made with diligence, considering the nature of the allegations therein, and is not necessarily barred because made subsequent to judgment or sentence.

(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:

(1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

(2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;

(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed; [or]

(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement; *or*

2. *Com. v. Santos*, 450 Pa. 492, 301 A.2d 829 (1973); *Com. v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973); *Com. v. Boofer*, 248 Pa.Super. 431, 375 A.2d 173 (1977); *Com. v. Woods*, 452 Pa. 546, 307 A.2d 880 (1973).

(5) he did not receive the charge or sentence concessions contemplated by the plea agreement concurred in by the court, and he did not affirm his pleas after being advised that the court no longer concurred and being called upon to either affirm or withdraw his plea.

(iii) The defendant may move for withdrawal of his plea without alleging that he is innocent of the charge to which the plea has been entered.

(b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.

ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty § 2.1 Approved Draft, 1968.

■■■■ Appellant's claim is that he should have been permitted to withdraw his plea since it was not voluntarily made. Upon a finding that a plea was involuntary, the court should permit withdrawal in order to correct a manifest injustice. The defendant is so entitled, it would appear, as a matter of right. ABA Standard 2.1(a)(ii)(3) and 2.1(b). The determination of the existence of manifest injustice is in the first instance for the trial court, which initially accepted the plea. *Com. v. Starr, supra,* Pa.R.Crim.Pro. 320.

■■■■ At the hearing on the application to withdraw his plea, appellant asserted that his plea was not voluntarily given since his mental state at the time of the entry of the plea was so affected as a consequence of his abusive treatment in the Blair County Jail that he was incapable of entering a voluntary plea, and that he entered the plea only to get out of that institution. He detailed his allegations of harassment by guards and inmates which he said centered on their outrage at him because he was charged with molest-

330

ing a young boy. These included: threats to physically harm him; failure to provide him with medical care and proper shoes for his feet which had become swollen; forcing him to chew cigarette butts; and placement in the cell with a mentally unstable inmate who unnerved him by his bizarre and offensive conduct. He stated that the abuse was so acute that he could not eat regularly and once went eight days without food and that he was afraid to use any of the facilities such as the shower. Appellant had raised this same issue at an earlier stage after his arrest when he sought to be removed to another institution. A hearing was held at that time, at which both Ammon and the warden of the county jail testified, and the request for a transfer was denied.[3] He was, however, later transferred to the State Correctional Institution at Camp Hill on October 3rd and later to Dallas from which he was returned to Blair County for his trial on or about October 19, 1978. Following his plea, he was returned to the state system. Finally, it should be noted that Ammon's complaints at the hearing on his petition to withdraw his guilty plea dealt almost exclusively with allegations of abuse and threats preceding his removal from Blair County Jail on October 3rd, his chief complaint about being in the jail on the several days prior to trial being the presence in that jail of one other inmate whom he found to be particularly offensive.

On January 9, 1979, following completion of the hearing, the court found that "the plea of nolo contendere was voluntarily entered with a full realization of the consequences thereof." In addition, the court found Ammon's testimony "not credible". Since the issue was peculiarly one of credibility, we see no reason to disturb this conclusion of the trial judge which negates a finding of manifest injustice and the right to withdraw the plea as a matter of right.

3. The trial judge being aware of this history, was careful to ask during the guilty plea colloquy if any claim of mistreatment had induced him to enter the plea and offered to meet with appellant privately to discuss any claim of mistreatment.

 The next inquiry then, is whether the court abused its discretion in denying the application to withdraw the plea keeping in mind the principle that a pre-sentence application should be liberally allowed; that it should be granted for any fair and just reason[4] unless the prosecution has been substantially prejudiced. *Com. v. Forbes, supra; Com. v. Woods, supra; Com. v. Morales*, 452 Pa. 53, 305 A.2d 11 (1973); *Com. v. Santos, supra; Com. v. Starr, supra; Com. v. Boofer, supra; Com. v. Williams*, 248 Pa.Super. 395, 375 A.2d 155 (1977). In this determination, the crucial factor is the existence of substantial prejudice to the Commonwealth. *Com. v. Boofer, supra; Com. v. McLaughlin*, 469 Pa. 407, 413, 366 A.2d 238, 241 (1976). In this case, the court found that granting withdrawal would be "improper and unfair" to the Commonwealth. We agree. The prosecution would suffer substantial prejudice by the grant of the petition to withdraw and thus, the request should not be liberally allowed. After the jury was selected and trial begun on October 23, 1978, the Commonwealth called its principal witness who was the victim. He was age ten at the time of the trial; nine at the time of the crime. His direct testimony covered 31 pages and included the youth's explicit description of the specific sexual acts that the appellant had him perform. The prejudice to the Commonwealth that could reasonably be said to ensue upon the grant of the petition to withdraw includes:

(1) the appellant now has a script of the testimony of the principal Commonwealth witness, a child of tender

4. The standard that withdrawal of a plea should be granted if the court finds "any fair and just reason" to do so is probably best read as simply another way of saying that withdrawals should be liberally allowed that is, that in most cases where the request is made before sentencing the court would ordinarily freely grant the request recognizing that there is no substantial prejudice to the prosecution and that a guilty plea involves the surrender of a panoply of constitutional rights. Otherwise, it would be read as authorizing the refusal to permit a withdrawal in the face of substantial prejudice to the prosecution *even if* there is a specific finding that there is a fair and just reason to permit the withdrawal which is something short of the manifest injustice test.

years whose testimony because of his youth is by its nature fragile;

(2) the chief witness of the Commonwealth would have to undergo once more the psychologically distressing and even possibly harmful experience of testifying again at a public proceeding; and,

(3) it may be a device for obtaining a new jury when a defendant does not feel that the jury he has is sympathetic to his case.

In *Com. v. Morales, supra,* the Supreme Court affirmed the refusal to permit a withdrawal of a guilty plea which was entered after the end of the prosecution's case. The court stated:

Prejudice to the Commonwealth, under such circumstances, although difficult to prove, may be a very real possibility. Appellant would obtain an unfair advantage by being allowed, together with his counsel, a full preview of the Commonwealth evidence before deciding upon their trial strategy. Similarly, appellant's actions, if allowed to succeed might be a means of obtaining an entirely new jury for a defendant anytime he feels that the jury originally selected is not favorably disposed to his cause, . . . (452 Pa. at p. 55, 305 A.2d at p. 13).

In *Com. v. Whelan,* 481 Pa. 418, 392 A.2d 1362 (1978), another case where the plea was made after the conclusion of the prosecution's case, the court stated that under such circumstances, withdrawal should only be permitted for "compelling reasons".[5]

We conclude that the court correctly denied appellant's application to withdraw his plea of nolo contendere.

■ The final issue raised by appellant is that his sentence is unnecessarily excessive and harsh. The defendant, age fifty–four at the time of sentencing, had a long history of deviate sexual offenses beginning in 1942. The trial judge found from evidence available to him that the appellant is a risk to society generally and to young people specifically.

5. Plurality opinion.

The court considered protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community and the rehabilitative needs of the defendant. 18 Pa. C.S.A. 1321. We cannot say, under the circumstances, that the sentence is manifestly excessive so as to inflict too severe a punishment. *Com. v. Person*, 450 Pa. 1, 4–5, 297 A.2d 460 (1972); *Com. v. Wrona*, 442 Pa. 201, 275 A.2d 78 (1971). The court's statement of reasons for sentencing adequately reflected balancing of all relevant factors. *Com. v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979).

Order affirmed.

PRICE, J., concurs in the result.