419 A.2d 107

**COMMONWEALTH of Pennsylvania**

**v.**

**Allen L. COOPER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed March 14, 1980.

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from judgment of sentence entered upon a plea of guilty to possession of a prohibited offensive weapon [1] and aggravated assault.[2]

Appellant argues that he should be permitted to petition to withdraw his guilty plea *nunc pro tunc* because his trial counsel [3] was ineffective in not filing a petition to withdraw

1. 18 Pa.C.S.A. § 908 (Purdon's 1973).

2. 18 Pa.C.S.A. 2702 (Purdon's 1973).

3. Appellant is represented by different counsel on appeal.

the plea on the ground that the charge of possession of an offensive weapon had been previously quashed.

The proper procedure to challenge a guilty plea is to file with the trial court a petition to withdraw the plea. *Commonwealth v. Roberts*, 237 Pa.Super. 337, 352 A.2d 140 (1975). Nevertheless, "ineffective assistance of counsel has been held to be an extraordinary circumstance excusing an appellant's failure to follow appropriate procedures in seeking relief for his or her complaints." *Commonwealth v. Strader*, 262 Pa.Super. 166, 171, 396 A.2d 697, 700 (1978); *Commonwealth v. Valesquez*, 244 Pa.Super. 327, 330, 368 A.2d 745, 746 (1976). Here, we cannot determine whether counsel was ineffective for failing to file a petition to withdraw the plea because the record does not make clear whether the charge of possession of an offensive weapon had or had not been quashed. On the one hand, the information charging appellant with this offense has a notation indicating that a motion to quash was granted on August 16, 1977; also, there is a docket entry for that date to the effect that the motion to quash had been granted. On the other hand, the notation on the information is not signed by the court, and on September 7, 1977, a further preliminary hearing in the case was held at which the offensive weapon charge was treated as though it were extant.

Given so ambiguous a record, we shall remand so that the lower court, after hearing, if that is necessary, may make findings of fact and file an opinion. If the court finds that the entries on the information and docket are correct and that the offensive weapon charge was in fact quashed, it should allow appellant to file a petition to withdraw his guilty plea *nunc pro tunc*. If the lower court finds that the entries on the information and docket were entered without the court's authority and in error and that the offensive weapon charge was in fact not quashed, it should enter an order refusing to permit appellant to file a petition to withdraw his guilty plea *nunc pro tunc*.

Case remanded to the lower court for proceedings consistent with this opinion.[4]

4. We previously entered an order in this case vacating the judgment of sentence and remanding the case to the lower court so that appellant could file a petition to withdraw his guilty plea *nunc pro tunc*. The Commonwealth then petitioned for reargument claiming that we had not properly considered their argument that the charge of possession of an offensive weapon had not been quashed. The court granted this petition and resubmitted the case to the panel of judges that had originally considered it.