SPAETH, Judge:
This is an appeal from an order dismissing without a hearing appellant’s petition under the Post Conviction Hearing Act.[1]
On September 2, 1976, appellant, represented by Donald R. Marsh, a public defender, pleaded guilty to the theft of an automobile.[2] He was sentenced by the lower court to a term of three to six years. Appellant filed neither a petition to withdraw the plea nor a direct appeal from his sentence. On February 28, 1977, appellant filed, pro se, a petition under the Post Conviction Hearing Act, alleging:
Petitioner was arrested in Huntingdon County because of a warrant issued by Magistrate Wilkins charging theft. Petitioner was not taken before a magistrate in the County of arrest, before being returned to the issuing authority, Which was Magistrate Wilkins.
Petitioner was under the impression Attorney Marsh was going to appeal the sentence, on the grounds the arrest was illegal.
In his petition appellant stated that he was indigent and requested the appointment of counsel. The lower court appointed Mr. Marsh as appellant’s counsel, and issued a rule upon the Commonwealth to show cause why a hearing *196 should not be granted. No return was made by the Commonwealth.
On June 13, 1977, Mr. Marsh asked the lower court for permission to withdraw as appellant’s counsel, stating that he would “be placed in the untenable position of being forced to argue against himself.” The lower court granted permission, and appointed Thomas G. Johnson, also a public defender, as appellant’s counsel.
On June 27, 1977, appellant filed, pro se, a habeas corpus petition with the lower court, asking the court to discharge him from confinement because of the Commonwealth’s failure to make a return to the rule issued incident to appellant’s PCHA petition.[3] On August 17, 1977, appellant, by Mr. Johnson as his counsel, petitioned for a hearing on his PCHA petition. On August 19 the lower court set September 9, 1977, as the date for the hearing. Apparently, however, this hearing was never held.[4]
According to his brief, on September 28, 1977, appellant filed, pro se, an action in mandamus in the Commonwealth Court, again alleging that he was entitled to his freedom because of the Commonwealth’s failure to make a return to the rule issued incident to his PCHA petition. This action was transferred to this court, and on November 10, 1977, at No. 1008 Miscellaneous Docket 1977, we denied relief per curiam. In December 1977 appellant filed, pro se, a habeas corpus petition in the United States District Court for the Western District of Pennsylvania. On January 5, 1978, Mr. Johnson asked the lower court for permission to withdraw as appellant’s counsel, since appellant’s PCHA petition appeared to allege incompetency of counsel on the part of Mr. Marsh and Mr. Johnson shared “official public defender duties with Attorney Marsh.” The lower court granted permission, and appointed Gregory A. Olson as appellant’s counsel. At some point[5] the lower court apparently set *197 another hearing date—January 6, 1978—on appellant’s PCHA petition, for on January 5, 1978, appellant, by Mr. Olson as his counsel, petitioned for and was granted a continuance of this hearing until the District Court had decided his habeas corpus petition.[6]
On June 12, 1978, appellant filed, pro se, an amended PCHA petition, alleging:
Counsel did not get in touch with a witness for his testimony my co-defentant [sic] had informed me he would tell the truth and exonerate me of the charges, I informed counsel of this and he failed to contact him. Also the Judge failed to state his reason for imposing such a sentence. 3 to 6 years and co-defendant was sentenced to 3 months to one year.
Appellant also alleged that this issue was not waived “because of extraordinary circumstances ineffective counsel.” On June 15 the lower court returned the amended petition to appellant for more information, specifically asking him to explain how his counsel could have been ineffective in failing to call a witness when instead of standing trial he had entered a guilty plea. In response to the court’s request, on December 12, 1978, appellant filed, pro se, a second amended PCHA petition, alleging:
I ask my attorney Mr. Marsh to get in touch with my co-defendant before any plea was made as my co-defendant was willing to testifity [sic] on my behalf, counsel refused to do this therefore inducing me to enter a plea of guilty, he stated it would be a conflict of interest if he were to talk to my co-defendant as he had also represented him.
I was arrested without a warrant, when in fact was a warrant available at the time of arrest, deputy sheriffs had no jurisdiction to arrest me in Huntingdon County.
In an attachment to the petition appellant expanded on these allegations:
*198 Petitioner informed court appointed counsel Mr. Marsh, he wanted to go to trial, this was five minutes before entering the courtroom, counsel asked petitioner if he had any defense and petitioner advised counsel he did have a witness or two, mainly he had and wanted co-defendant to testifity [sic] on his behalf. Counsel stated in no way could he talk to the co-defendant concerning the possibitle [sic] of the co-defendant testifing [sic] on behalf of the petitioner, as he had represented the co-defendant also. Counsel stated there would be a conflict of interest if he were to do that, he also stated petitioner would not be allowed to subpoena the co-defendant. Counsel went so far as to say “you won’t get more than a year maximum, trust me.” ....
Petitioner also alleges the original arrest was illegal as deputy sheriff’s [sic] from Indiana County came to Huntingdon County and arresyed [sic] petitioner without a warrant when they in fact knew a warrant was available to them. They stated to petitioner at Huntingdon the Clymer Police have a warrant for your arrest, we were susposed [sic] to wait for them to come along but he was late so we left without him. Petitioner ask counsel to file a pre-trial motion on the grounds the arrest was illegal, counsel failed to do this, another round of ineffective assistance of counsel.
On January 15, 1979, the lower court, without a hearing, entered an order denying appellant’s PCHA petition, as twice amended, on the following grounds:
1. The Court is of the opinion that the grounds contained in the Petition are frivolous in view of previous Petitions filed and in view of the circumstances involving the plea colloquy entered into on September 2, 1976.
2. The Petitioner’s allegations that he desired to present witnesses and to have a trial is purely without foundation in view of the plea colloquy entered into by the Court and Petitioner.
3. The Petitioner’s allegations with regard to a warrant-less arrest is without foundation and is now not appealable because of the fact of the entry of a plea.
*199 4. The Court further finds that at the time of the entry of his plea the Petitioner was a thirty year old habitual offender well schooled in his trial rights.
It is from this order that appellant now appeals.[7]
As a preliminary matter, we should consider whether appellant has waived his claim ineffectiveness of counsel. The proper procedure for challenging a guilty plea is to file with the lower court a petition to withdraw the plea. Commonwealth v. Schwartz, 251 Pa.Super. 36, 379 A.2d 319 (1977); Commonwealth v. Roberts, 237 Pa.Super. 336, 352 A.2d 140 (1975). As noted above, appellant filed no petition to withdraw. However, we have held that a claim of ineffectiveness of counsel is not waived by the failure to file a petition to withdraw in a situation like appellant’s, in which a PCHA petition alleges that the guilty plea was unlawfully induced because of the ineffectiveness of trial counsel. Commonwealth v. Strader, 262 Pa.Super. 166, 396 A.2d 697 (1978). There being no waiver, therefore, we must consider whether the lower court was correct in holding that no hearing on appellant’s PCHA petition, as twice amended, was required—although the court had twice ordered a hearing—because “the grounds contained in the petition are frivolous. . . . ”
Section 9 of the PCHA Act provides in part:
If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner’s claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding.
19 P.S. § 1180-9.
*200 The Supreme Court has said that “[i]n borderline cases the emphasis must necessarily be in favor of the grant of a hearing. ... If a court is not certain of the patent frivolousness of an issue in a post conviction petition, it is required to grant a hearing on the issue.” Commonwealth v. Laboy, 460 Pa. 466, 470, 333 A.2d 868, 870 (1975). See also Commonwealth v. Strader, 262 Pa.Super. 166, 396 A.2d 697 (1978); Commonwealth v. Nahodil, 212 Pa.Super. 77, 239 A.2d 840 (1968). “A petition may not be summarily dismissed as ‘patently frivolous’ when the facts alleged in the petition, if proven, would entitle the petitioner to relief.” Commonwealth v. Sherard, 483 Pa. 183, 187, 394 A.2d 971, 974 (1978).
As noted above, appellant’s petition alleges that he was denied the effective assistance of counsel because of counsel’s—Mr. Marsh’s—representation of his co-defendant. Dual representation alone does not give rise to a conflict of interest. However, a conflict will arise upon proof that there was a possibility of harm because of the dual representation. Commonwealth v. Westbrook, 484 Pa. 534, 400 A.2d 160 (1979); Commonwealth v. Breaker, 456 Pa. 341, 318 A.2d 354 (1974); Commonwealth v. Albertson, 269 Pa.Super. 505, 410 A.2d 815 (1979). Here, appellant alleges that because of his dual representation, Mr. Marsh refused to call appellant’s co-defendant, even though the co-defendant “would tell the truth and exonerate” appellant,[8] and that this refusal in *201 duced appellant to enter his guilty plea. If these allegations were proved, appellant would be entitled to relief. It follows, therefore, that the allegations are not frivolous, and that the lower court should have conducted the hearing it twice set, so that appellant could offer evidence in support of the allegations.
The lower court stated, however, that “[t]he Petitioner’s allegations that he desired to present witnesses and to have a trial is [sic] purely without foundation in view of the plea colloquy. . . . ” The relevant portions of the colloquy are as follows:
THE COURT: Now, Mr. Marsh was appointed to represent you in the matter of the Post-Conviction hearing:
THE DEFENDANT: Yes.
THE COURT: Mr. Marsh has been appointed previously to represent Mr. Sanosky, your co-defendant in this case about stealing a car. If you desire. . . First of all, do you desire to plead guilty of not?
THE DEFENDANT: Yeah, I am going to plead guilty.
THE COURT: Second of all, you understand that Mr. Marsh represents Mr. Sanosky. In view of the fact that you have decided to enter a plea of guilty, I do not see where he could not represent you entering a plea of guilty in this case. Do you agree?
THE DEFENDANT: I agree.
THE COURT: I don’t see where he would have any conflict because you are not going to contest it.
THE DEFENDANT: Yes.
*202 N.T. at 5-6.
This colloquy in no way demonstrated that appellant’s allegations are frivolous. Appellant does not deny that he told the court he was “not going to contest [the charge].” His point is that the reason he so told the court is that his attorney—Mr. Marsh—had said that he could not call Mr. Sanosky. Nothing in the colloquy, or otherwise of record, indicates that this claim is “patently frivolous.”
The order of the lower court is reversed and the case is remanded for a hearing at which appellant, represented by counsel not associated with the public defender, may offer evidence in support of his allegations. If appellant or the Commonwealth objects to such order as the lower court enters after the hearing, a new appeal must be taken.
VAN der VOORT, J., files a dissenting opinion.

. Act of Jan. 25, 1966 P.L. (1965) 1580, § 1 et seq., 19 P.S. §§ 1180-1 et seq., (Supp. 1979-80).

. 18 Pa.C.S.A. § 3921.

. The record does not indicate any disposition of appellant’s habeas corpus petition.

. The record does not indicate why the hearing was not held.

. The record does not indicate when this was.

. According to appellant’s brief, the District Court later denied appellant’s petition on the ground of failure to exhaust state remedies.

. On appeal appellant is represented by a fourth court-appointed attorney since Mr. Olson, his third attorney, withdrew in February 1979.

. It is true that appellant does not allege exactly what his co-defendant’s testimony would have been. It must be noted, however, that all three of appellant’s PCHA petitions—the original petition and the two amendments—were apparently prepared without the assistance of counsel, even though appellant was throughout represented by counsel of record. In these circumstances, his petitions should be read liberally and treated as uncounseled. Commonwealth v. Scott, 469 Pa. 381, 366 A.2d 225 (1976); Commonwealth v. Fiero, 462 Pa. 409, 341 A.2d 448 (1975); Commonwealth v. Prowell, 249 Pa.Super. 435, 378 A.2d 374 (1977). A PCHA court should summarily dismiss an uncounseled petition only “when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he ... was represented by counsel in proceedings thereon.” Pa.R.Crim.P. 1504. Commonwealth v. Sangricco, 490 Pa. 126, 415 A.2d 65 (1980); Commonwealth v. Adams, 465 Pa. 389, 350 A.2d 820 (1976). Furthermore, as has been noted, when appellant *201 filed his first PCHA petition, the lower court appointed as his counsel the public defender who represented appellant at the time of the guilty plea, and two and one-half months later, when this defender petitioned for leave to withdraw since he would be “forced to argue against himself,” the court appointed another public defender to represent appellant, who likewise petitioned for leave to withdraw. Thus during this period appellant was in practical effect unrepresented. The lower court should at the outset have appointed counsel not associated with the public defender’s office. Commonwealth v. Patrick, 477 Pa. 284, 383 A.2d 935 (1978); Commonwealth v. Harris, 270 Pa.Super. 498, 411 A.2d 828 (1979); Commonwealth v. Prowell, supra.