450 A.2d 669

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Richard L. WHITTALL.**

Superior Court of Pennsylvania.

Submitted Sept. 11, 1980.

Filed Aug. 27, 1982.

Petition for Allowance of Appeal
Denied Feb. 2, 1983.

260

Stephen B. Harris, Assistant District Attorney, Doylestown, for Commonwealth, appellant.

Robert Mozenter, Philadelphia, for appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

This case involves a Commonwealth appeal from a lower court order discharging appellee, Richard L. Whittall, under Pa.R.Crim.P. 1100. For the following reasons, we reverse and remand.

The relevant facts are as follows: A criminal complaint charging appellee with attempted burglary,[1] possessing instruments of crime,[2] and criminal conspiracy[3] was filed on May 8, 1978. The run date, in accordance with Pa.R.Crim.P.

1. 18 Pa.C.S.A. § 901.

2. 18 Pa.C.S.A. § 907.

3. 18 Pa.C.S.A. § 903.

1100, was November 4, 1978.[4] On November 14, 1978, appellee entered an open guilty plea to these offenses before the Honorable Isaac S. Garb of the Bucks County Court of Common Pleas.[5] Sentence was deferred pending a pre-sentence investigation.[6]

In a February 14, 1979, letter, Judge Garb informed appellee's former counsel, Bernard F. Gray, that his review of the pre-sentence report indicated that appellee denied his guilt of the charges against him. "Therefore, [the letter continued] I will assume that his plea of guilty will be withdrawn and I am directing the District Attorney to fix this matter for trial." A carbon copy of that letter was sent to the district attorney's office. Appellee's case was thereafter listed for trial and continued on various occasions. On September 21, 1979, the Commonwealth filed a petition to extend the time for trial under Pa.R.Crim.P. 1100(c).[7] A hearing was held on the Commonwealth's petition, and on appellee's oral motion to dismiss the charges, on October 2–3, 1979. The Honorable William H. Rufe, III, dismissed appellee's case under Pa.R.Crim.P. 1100 on October 3, 1979.

4. Section (a)(2) of Pa.R.Crim.P. 1100 provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

5. Prior to November 14, 1978, there were several continuances involving appellee's case, none of which are relevant to the instant appeal.

6. The notes of testimony of the November 14, 1978, guilty plea hearing are inexplicably missing from the official court record. Thus, it is unclear whether the lower court accepted the guilty plea and merely deferred sentencing or instead took appellee's plea under advisement. We note, however, that the Commonwealth's brief states that Judge Garb accepted appellee's plea on the date it was tendered; we have no information to the contrary from appellee who opted not to file an appellate brief. Our disposition of this case would not be altered in either event.

7. Pa.R.Crim.P. 1100(c), in pertinent part, states: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial..."

In discharging appellee, the lower court ruled that, once Judge Garb notified appellee that his guilty plea would not be accepted, the original 180 day period under Pa.R.Crim.P. 1100 recommenced. Since 149 days had elapsed when appellee's guilty plea was entered on November 14, 1978, including excludable time prior thereto, the Commonwealth had thirty-one days remaining within which to try appellee after February 14, 1979. Thus, appellee had to be brought to trial on or before Monday, March 19, 1979.[8] Finding that the Commonwealth had neither tried appellee within that time or, alternatively, timely petitioned to extend the time for trial under Pa.R.Crim.P. 1100(c), the lower court sustained appellee's motion to dismiss the charges.

In this appeal, the Commonwealth argues, as it did below, that (a) the February 14, 1979, letter in which Judge Garb indicated that he "assumed [appellee's] guilty plea will be withdrawn," is not tantamount to an effective plea withdrawal so as to re-invoke the provisions of Pa.R.Crim.P. 1100, and (b) even assuming a valid plea withdrawal on that date, the Commonwealth has 120 days thereafter within which to try appellee under Pa.Crim.P. 1100(e)(1).[9]

■ For the sake of clarity, we will first address the latter issue which is controlled by our recent en banc decision in *Commonwealth v. Lewis*, 295 Pa.Super. 61, 440 A.2d 1223 (1982). In that case, we held that the tendering of a guilty plea by an accused signified the commencement of trial regardless of whether that plea is accepted immediately by the trial court or is taken under advisement. Accordingly, we expressly overruled the decision of a panel of this court in *Commonwealth v. Cox*, 276 Pa.Super. 29, 419 A.2d 78 (1980) (Watkins, J., dissenting), wherein it was held that the action of the trial court in taking defendant's guilty plea

---

**8.** The thirty-first day would fall on Saturday, March 17, 1979, thereby extending the time for trial until the following Monday. *Commonwealth v. Jones*, 473 Pa. 211, 373 A.2d 1338 (1977).

**9.** Section (e)(1) of Pa.R.Crim.P. 1100 provides that: "When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within one hundred and twenty (120) days after the date of the order granting a new trial."

under advisement, and in ordering a pre-sentence report, did not constitute the commencement of trial for purposes of Pa.R.Crim.P. 1100. As we explained in *Lewis:*

> The decision in *Cox* is inconsistent with the other decisions of this Court and also with the objectives of Rule 1100. When determining the commencement of trial under Rule 1100, there is no substantive difference between accepting a negotiated plea of guilty and deferring sentence for a presentence investigation and taking the plea under advisement and deferring sentence for the same type of investigation. In either event, that stage of the proceedings has been reached which points directly and immediately to a final adjudication of guilt. By tendering a plea of guilty, the defendant has formally admitted guilt and has made it unnecessary that guilt or innocence be determined by an adversary trial proceeding. In both instances, the defendant's formal admission of guilt has made it unnecessary and impractical for the Commonwealth to attempt other proceedings to achieve a substantive determination of guilt. In both instances, the Commonwealth has brought the defendant before the court, where a final judgment of sentence can be imposed. Regardless of whether the guilty plea is accepted or taken under advisement, appellant must be allowed to withdraw his plea if the trial court is unable to accept the terms of a negotiated plea bargain.

295 Pa.Super. at 66–67, 440 A.2d at 1225–1226.

Here, the tendering of a guilty plea by appellee on November 14, 1978, signified the commencement of trial for purposes of determining the Commonwealth's compliance with Pa.R.Crim.P. 1100 regardless of whether that plea was accepted on that date or taken under advisement by the lower court. See footnote 6, *supra.* Accordingly, once appellee's plea was withdrawn with the permission of the lower court, the Commonwealth had a period of 120 days within which to commence a new trial under Pa.R.Crim.P. 1100(e)(1). *Commonwealth v. Lewis, supra,* 295 Pa.Super. at 67, 440 A.2d at 1226. The lower court erred in otherwise

concluding that the original 180 day period under Pa.R. Crim.P. 1100 simply recommenced on February 14, 1979.

The more difficult question for our consideration is whether February 14, 1979, is the appropriate date signifying the commencement of the 120 day period under Pa.R.Crim.P. 1100(e)(1). The lower court found that Judge Garb's February 14, 1979, letter marked the resumption of Pa.R.Crim.P. 1100 notwithstanding the absence of a formal plea withdrawal petition by appellee. Such a petition would have been, in the conclusion of the lower court, "a superfluous act" in light of Judge Garb's unequivocal notification to both parties that appellee's plea would not be accepted and his further direction that the case be relisted for trial. The Commonwealth, on the other hand, argues that Judge Garb's assumption that appellee would seek to withdraw his plea, based on his apparent denial of guilt contained in the pre-sentence investigation report, can not substitute for appellee's own decision to withdraw the plea. Hence, absent a written petition by appellee to withdraw his plea, that plea remains binding, and February 14, 1979 can not be designated as the date after which the 120 day period for trial begins to commence. We disagree.

■■■ Pa.R.Crim.P. 320 states that "At any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." Pursuant to that rule, a pre-sentence plea withdrawal request should be liberally construed provided the accused presents a fair and just reason therefor and also provided the Commonwealth has not been substantially prejudiced by reliance upon that plea. *Commonwealth v. Mosley,* 283 Pa.Super. 28, 423 A.2d 427 (1980); *Commonwealth v. Ammon,* 275 Pa.Super. 324, 418 A.2d 744 (1980); *Commonwealth v. Hall,* 275 Pa.Super. 85, 418 A.2d 623 (1980). Of course, a proper assertion of innocence, absent prejudice to the prosecution, constitutes a fair and just reason for permitting the withdrawal of the guilty plea. *Commonwealth v. Boofer,* 248 Pa.Super. 431, 375 A.2d 173 (1977). The Commonwealth does not dispute that appellee might have

had a fair and just reason to withdraw his plea, but simply argues that he never, in fact, did so.

 We are mindful that the proper procedure to challenge a guilty plea is to file a written petition to withdraw the plea with the lower court. *Commonwealth v. Lantzy,* 284 Pa.Super. 192, 425 A.2d 768 (1981); *Commonwealth v. Cooper,* 276 Pa.Super. 86, 419 A.2d 107 (1980). That requirement is important to ensure that the lower court, after having heard an accused once admit his guilt, may carefully consider the propriety of allowing a post-plea withdrawal. Our review of the record confirms that no formal petition to withdraw his guilty plea was ever filed by appellee. While we are reluctant to condone appellee's dereliction, we cannot find, under the facts of this particular case, that the absence of such a petition was critical.

The February 14, 1979, letter was sent by Judge Garb to both appellee and the district attorney's office. In compliance with the court's direction that appellee's case be listed for trial, the district attorney's office sent appellee a letter on February 27, 1979, which informed him that his case had been scheduled for April 2, 1979. The record shows that appellee received several additional notices from the prosecutor's office regarding subsequent court dates. Moreover, pre-trial preparation continued apace with appellee filing pre-trial motions for discovery and to suppress statements. At no time did the Commonwealth ever allege prejudice as a result of appellee's plea withdrawal.

 Thus, it is clear that, after receipt of Judge Garb's letter of February 14, 1979, all parties considered that appellee's guilty plea had been withdrawn and acted accordingly. It would elevate form over substance to now hold that appellee is still bound by his plea merely because he failed to file a written withdrawal petition.

We, therefore, conclude that February 14, 1979, signifies the date of appellee's plea withdrawal and commences the 120 day time period under Pa.R.Crim.P. 1100(e)(1). The Commonwealth had until June 14, 1979, or 120 days after

February 14, 1979, to try appellee. Clearly they did not do so. However, we are unable to determine from the record, including the evidentiary hearing on Pa.R.Crim.P. 1100 which was held before Judge Rufe on October 2–3, 1979, whether there were reasons justifying the Commonwealth's failure to timely bring appellee to trial. Indeed the lower court's opinion, which addressed only the questions herein raised, provides us with no guidance in this area. Hence we remand for the completion of the record so that the lower court can resolve whether appellee's right to be tried within 120 days after February 14, 1979, was violated.

Order reversed and case remanded for proceedings consistent with this opinion.

HESTER, J., files dissenting opinion.

HESTER, Judge, dissenting:

I respectfully dissent. The appellee entered a plea of guilty in open court to attempted burglary, possessing instruments of crime and criminal conspiracy.

As stated by the majority, the proper procedure to challenge a Guilty Plea is to file a written petition with the lower court to withdraw the plea. *Commonwealth v. Lantzy,* 284 Pa.Super. 192, 425 A.2d 768 (1981); *Commonwealth v. Cooper,* 276 Pa.Super. 86, 419 A.2d 107 (1980). Unlike the majority, I find the absence of such a petition to be critical.

Pa.R.Crim.P. 320 provides that at any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted.

As I interpret the record, the appellee has never withdrawn his plea of guilty either in person or through counsel. There is nothing in the record indicating an intention *on the part of the appellee-defendant* to the effect that his plea of guilty is to be withdrawn. True it is, the pre-sentence

report indicated that appellee denied his guilt to the individual preparing said report. I submit that this indication made, not to the court in the form of a Petition and not through counsel, cannot be interpreted as a proper withdrawal of a plea of Guilty. It did not give the court jurisdiction over the matter as the issue has never been before the court.

The defendant-appellee is mandated to petition the court wherein he may request that his plea be withdrawn. He has the burden of demonstrating he has a fair and just reason for said withdrawal, *Commonwealth v. Hall,* 275 Pa.Super. 85, 418 A.2d 623 (1980). The only manner in which this can be achieved is by way of Petition and subsequent hearing. In all of our reported cases concerning withdrawal of a plea prior to sentencing, the matter came before the court by way of Petition. See *Commonwealth v. Boofer,* 248 Pa.Super. 431, 375 A.2d 173 (1977), *Commonwealth v. Ammon,* 275 Pa.Super. 324, 418 A.2d 744 (1980), *Commonwealth v. Mosley,* 283 Pa.Super. 28, 423 A.2d 427 (1980), and *Commonwealth v. Hall,* supra. There was a direct request from the individual defendants to the court to change the pleas to not guilty. In the case at bar, we have no such request.

I would hold, therefore, that the court below lacked the authority to assume that the plea of guilty was being withdrawn and directing the District Attorney to set the case for trial.

The plea of guilty is still open on the record.

I would remand for the purpose of according to the appellee the opportunity to petition the court below to withdraw his plea. In the event he thereafter exercises that privilege and it appears that the Commonwealth has not been substantially prejudiced and the court subsequently permits the withdrawal, the Commonwealth must try him within 120 days.

For the foregoing reasons, I dissent.