**Steven Anthony HEISER, Appellant,**

v.

**Joseph RYAN, Warden, Appellee.**

No. 90–3434.

United States Court of Appeals,
Third Circuit.

Argued Aug. 12, 1991.

Decided Dec. 13, 1991.

Thomas S. White (argued), Acting Federal Public Defender, Pittsburgh, Pa., for appellant.

Robert E. Colville, Dist. Atty., Maria V. Copetas (argued), Asst. Dist. Atty., Pittsburgh, Pa., for appellee.

Before COWEN and NYGAARD, Circuit Judges, and POLLAK, District Judge *.

* Honorable Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Steven Heiser has waited more than eleven and one-half years for a Pennsylvania state court to hear his motion to withdraw a guilty plea. In addition, four years have passed without a hearing or ruling by Pennsylvania on Heiser's Pennsylvania Post Conviction Hearing Act ("PCHA") petition, which claims that his trial counsel coerced his guilty plea and that his plea was involuntary.

Heiser filed a habeas petition contending that this post-verdict delay violated his due process rights and that his guilty plea was neither knowing nor voluntary. The district court denied Heiser's habeas petition without a hearing. We exercise plenary review of the district court's decision. *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 291 (3d Cir.1991). We will reverse and remand with instructions that the district court hold an evidentiary hearing on Heiser's allegations.

I.

In 1979, Heiser shot and killed the proprietor of an antique store he was robbing. The Commonwealth of Pennsylvania charged him with murder, robbery and some other charges. The Commonwealth filed notice that it intended to seek the death penalty. In September 1979, during the second day of a jury trial before the Allegheny County Pennsylvania Court of Common Pleas, pursuant to a plea agreement Heiser changed his plea to guilty of second degree murder. Heiser later pleaded guilty to the remaining charges.

In December 1979, while testifying against his co-defendant, Heiser told the judge, who also presided at the trial Heiser truncated by his plea, that he wanted to withdraw his guilty plea, plead not guilty and be tried. In January 1980, the court sentenced Heiser to life imprisonment on the second degree murder charge and a

consecutive term of five to ten years on the robbery charge.

In February 1980, Heiser's newly appointed attorney filed a motion under Pa. R.Crim.P. 320 to withdraw his guilty plea. The court indicated that, although filed after sentencing, the motion would be reviewed under the more lenient pre-sentencing standard because Heiser requested to withdraw his plea before he was sentenced. The trial judge died in 1982.

In 1987, Heiser filed a petition under the PCHA, 42 Pa.C.S.A. § 9541, *et seq.*, alleging that his guilty plea was not knowing, among other things, because his counsel failed to adequately explain the elements of the charges against him, and that his guilty plea was involuntary because his trial counsel threatened to withdraw from the case if Heiser did not plead guilty. Because the Pennsylvania courts could not locate a transcript, the court postponed hearing Heiser's motion to withdraw his guilty plea. The transcript is still missing; and Heiser still awaits a hearing on his motions.

In February 1989, Heiser filed a *pro se* petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. Heiser contended that his due process rights had been violated by the extreme delay. After the district court granted Heiser leave to amend his habeas petition, he further alleged that his guilty plea was not knowing and voluntary because, among other reasons, his counsel threatened to withdraw if Heiser did not plead guilty.

The district court properly excused Heiser's failure to meet the exhaustion of state court remedies requirement of 28 U.S.C. § 2254(b) because of the inordinate delay by the state court. No one challenges that ruling. The district court denied Heiser's habeas petition on the merits without a hearing. Heiser appeals that decision.

## II.

■ Where the district court denies a habeas petition without an evidentiary hearing, we engage in a two-step analysis. *Zettlemoyer,* 923 F.2d at 291 (*citing Smith v. Freeman,* 892 F.2d 331, 338 (3d Cir. 1989)) (other citations omitted). First, we decide whether Heiser's allegations, if true, would entitle him to relief. *Id.* If so, we must determine whether Heiser is entitled to an evidentiary hearing to prove those allegations. *Id.*

### A.

Heiser contends he would have been allowed to withdraw his plea for any one of several reasons. First, Heiser argues his guilty plea was coerced by his attorney's threat to withdraw if Heiser did not plead guilty. Because a guilty plea waives the constitutional right to a jury trial, the right to confront accusers, and the right against self incrimination, it must be a "knowing, intelligent act," that is "the voluntary expression of [the defendant's] own choice." *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970). "Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality." *Boykin v. Alabama,* 395 U.S. 238, 242–43, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969). Thus, a guilty plea is void if induced by threats which strip it of a voluntary nature. *Machibroda v. United States,* 368 U.S. 487, 493, 82 S.Ct. 510, 511, 7 L.Ed.2d 473 (1972).

■ A threat by a defendant's attorney to withdraw from the case if the defendant does not plead guilty may render a guilty plea involuntary. *Downton v. Perini,* 511 F.Supp. 258, 259, 264–66 (N.D.Ohio 1981). This is true notwithstanding the mitigating effect of an attorney's assurance that new counsel would be appointed if the defendant insisted on proceeding to trial. *Iaea v. Sunn,* 800 F.2d 861, 866–68 (9th Cir.1986). Likewise, if an attorney threatens to withdraw to prevent a defendant from changing his mind about pleading guilty and backing out of a plea bargain, the plea could be rendered involuntary. *United States v. Estrada,* 849 F.2d 1304, 1305–06 (10th Cir.1988). *See also Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973) and *Commonwealth v. Velasquez,* 437 Pa. 262, 263 A.2d 351 (1970)

(guilty pleas rendered involuntary because they were entered as a result of counsel's threat to withdraw).

■ A defendant faced with a critical decision of such dire consequences as a plea of guilty will assuredly rely heavily upon advice of counsel. We hold that if Heiser's trial counsel threatened to withdraw from the case unless Heiser pleaded guilty, then his plea is involuntary, and he has met his burden on the first *Zettlemoyer* step. The remaining question is simply whether in Heiser's case, an evidentiary hearing is necessary to decide this and his other allegations.

## B.

Heiser contends that a hearing is indeed necessary. We agree. The district court reviewed the transcript of the colloquy for Heiser's guilty plea on the murder charge. This is not enough. The guilty plea colloquy between the defendant, the judge and the defense counsel is "designed to assist the district court in making the constitutionally required determination that a defendant's guilty plea is truly voluntary, ... [and] to produce a complete record at the time the plea is entered of the factors relevant to the voluntariness determination." *McCarthy v. United States*, 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969).

The district court determined that the plea colloquy met all of the requirements of Pa.R.Crim.P. 319 and demonstrated that Heiser "was advised of the possible range of sentences, the elements of the offense, and he affirmatively stated that he was satisfied with the manner in which his counsel had represented him and that there were no secret promises or coercions made to him." (Magistrate's report of 12–1–89, adopted by the district court). The district court apparently determined that no evidentiary hearing was required in the district court because "the averments advanced by the petitioner are simply belied by the record of the colloquy." *Id.*

We believe this was improvident for two reasons. First, because the district court must hold an evidentiary hearing when a habeas petitioner's factual claims were not given a full and fair hearing or otherwise adequately developed or resolved in the state courts. *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). *See also* 28 U.S.C. § 2254(d). Heiser's claims were not given a full and fair hearing in the state courts. Indeed, no state court evidentiary hearing was ever held, either for Heiser's motion to withdraw his guilty plea or his PCHA petition, on Heiser's allegations that his guilty plea was coerced. Thus, Heiser's claims were neither developed nor resolved in the state courts and the federal court must do so.

Moreover, no one conducted fact finding at Heiser's guilty plea hearing. Heiser did give yes-and-no answers to broad and general questions whether the guilty plea was his own decision, or was the product of force or threats. This without more is usually sufficient. But for Heiser's allegations of coercion, "the material facts were not adequately developed at the state-court [plea] hearing," and "the fact finding procedure employed by the state court [at the plea hearing] was not adequate to afford a full and fair hearing." *Townsend*, 372 U.S. at 313, 83 S.Ct. at 757. *See also* 28 U.S.C. § 2254(d)(2), (3), (6).

If Heiser can prove that his trial counsel threatened to withdraw if he did not plead guilty, such proof is sufficient to rebut the "strong presumption of verity," *Lesko v. Lehman*, 925 F.2d 1527, 1537 (3d Cir.1991), attached to his "solemn declarations," *Id.*, at the plea hearing that his guilty plea was voluntarily entered and free from coercion. *See Downton*, 511 F.Supp. at 259 (proof that trial counsel threatened to withdraw if defendant did not plead guilty to second degree murder rebutted the presumption of truth inherent in the defendant's plea colloquy declarations).

The second reason Heiser is entitled to a hearing on his motions is because we believe his due process claim must be decided in the first instance by the district court.

## III.

■ Heiser contends that the district court failed to recognize that his habeas

petition claimed a due process violation by the state's failure to adjudicate his PCHA petition and motion to withdraw his guilty plea. We agree. We have held that delays in post-verdict process may violate the Due Process clause. *Burkett v. Cunningham,* 826 F.2d 1208, 1221 (3d Cir.1987) (*citing Evitts v. Lucey,* 469 U.S. 387, 393–95, 105 S.Ct. 830, 834–35, 83 L.Ed.2d 821 (1985)) (state guaranteed right to appeal must comport to due process). "[D]ue process can be denied by any substantial retardation of the appellate process," *Burkett,* 826 F.2d at 1221 (*quoting Rheuark v. Shaw,* 628 F.2d 297, 302 (5th Cir.1980)), "including an excessive delay in the furnishing of a transcription of testimony." *Rheuark,* 628 F.2d at 302 (citations omitted) (nearly two year delay in preparing trial transcript).

In *Burkett,* 826 F.2d at 1213–15, 1226–27, we remanded for the district court to determine whether a delay of almost two years in the transmission of the appellate record caused by the late filing of an order denying post-verdict motions, constituted a due process violation.[1] Likewise, in *Codispoti v. Howard,* 589 F.2d 135, 142 (3d Cir. 1987), we remanded for the district court to hold an evidentiary hearing and determine "whether the sheer length of the delay [nearly twelve years] in deciding the new trial motion is a violation of [the prisoner's] constitutional rights."

Due process violations are to be determined on a case-by-case basis. *Burkett,* 826 F.2d at 1221–22. The due process clause protects against more than delay in trial and sentencing. It guarantees as well the right to attack a conviction, and in Heiser's case, his plea. *Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985).

Since delay, even inordinate delay does not necessarily violate due process, *Rheuark,* 628 F.2d at 303, the district court on remand must consider the "guidelines" provided by *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1971), which we have applied to delays in the appellate pro-

cess. *Burkett,* 826 F.2d at 1222. The district court must "engage in a difficult and sensitive balancing process" whereby the four *Barker* factors "must be considered together with such other circumstances as may be relevant." *Barker,* 407 U.S. at 533, 92 S.Ct. at 2193. The *Barker* factors are "[l]ength of delay, the reason for the delay, the defendant's assertion of his right [to a speedy trial], and prejudice to the defendant." *Barker,* 407 U.S. at 530, 92 S.Ct. at 2192.

■ Heiser has suffered an extraordinary delay, and the reasons given by the Pennsylvania courts are simply no excuse. Moreover, as the Commonwealth admits in its brief at page 16, "the record does show that Heiser has asserted his rights almost continuously since 1980." It is difficult to see how the Commonwealth can countervail against the first three *Barker* factors. In applying the fourth factor—prejudice—to delays on appeal, we have

> identified three interests in promoting prompt appeals: "(1) prevention of oppressive incarceration pending appeals; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeal; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired."

*Burkett,* 826 F.2d at 1222, (*quoting Rheuark,* 628 F.2d at 303 n. 8.) Nothing urged upon us by the Assistant District Attorney, either at oral argument or in their brief can justify the eleven and one-half years which have passed without a decision on petitioner's claims. The Commonwealth should not be deceived that we have relaxed our vigilance over The Great Writ; nor should it take any comfort from the fact that we have, for the time, declined to issue it. If prejudice were apparent from this record, we would be inclined to grant the extraordinary relief sought by the petitioner. But, because the district court has not made a decision counseled by facts from an eviden-

---

**1.** In *Burkett,* 826 F.2d at 1214–15, 1225, 1228, we also held that delay in the preparation of transcripts and delay in the hearing and ruling on

post-verdict motions, resulting in a lengthy delay in sentencing for other charges, also violated Burkett's due process rights.

tiary hearing, we have stayed our hand. It is not possible from this record to conclude whether Heiser has been prejudiced by this delay. Hence, it is necessary we remand to the district court.

## IV.

On remand the district court must determine whether Heiser's trial counsel made the alleged threat to withdraw and, if so, whether the threat was coercive under the totality of the circumstances surrounding the trial and Heiser's decision to plead guilty and whether Heiser has demonstrated any other "fair and just" reason to permit him to withdraw his guilty plea. *Brady,* 397 U.S. at 749, 90 S.Ct. at 1469 ("In order to determine the voluntary nature of a guilty plea, we must look to the totality of the circumstances surrounding the entering of the plea.")

■ If Heiser can show a "fair and just" reason to withdraw his guilty plea, then withdrawal is and was proper and he has been denied due process, unless the Commonwealth can show that it is substantially prejudiced by allowing Heiser to withdraw his guilty plea. *See Commonwealth v. Ammon,* 275 Pa.Super. 324, 418 A.2d 744, 747, n. 4 (1980) ("[W]ithdrawal should be liberally allowed that is, that in most cases where the request is made before sentencing the court would ordinarily freely grant the request recognizing that there is no substantial prejudice to the prosecution and that a guilty plea involves the surrender of a panoply of constitutional rights.") The Commonwealth must also show that the "substantial prejudice," if any, existed at the time Heiser's hearing was due him, and that the delay creates no impairment of Heiser's ability to refute any Commonwealth evidence of substantial prejudice. Furthermore, if the Commonwealth should fail in its burden to show substantial prejudice, and Heiser was thus entitled to withdraw his guilty plea, the Commonwealth must then prove that in any subsequent trial, the delay creates no impairment of Heiser's ability to mount a defense to the criminal charges.

■ Finally, the district court here as in *Codispoti v. Howard,* 589 F.2d 135, 142 (3d Cir.1978) must decide "whether a new trial should be held or whether due to the passage of time the charges must be dismissed." Normally, the remedy for a due process violation is not discharge. Instead, "a court faced with a violation should attempt to counteract any resulting prejudice demonstrated by the petitioner." *Burkett,* 826 F.2d at 1222. Nevertheless, discharge is appropriate where "attempting an alternate remedy would not vitiate the prejudice of the fundamental unfairness or would itself violate a petitioner's constitutional rights." *Burkett,* 826 F.2d at 1222. Hence, in considering whether to grant the writ and discharge the defendant, the district court must also consider that "if retrial is ordered after substantial delay on appeal, *Barker* applies directly in determining whether the speedy trial clause should bar retrial." *Burkett,* 826 F.2d at 1222.

## V.

In sum, we will reverse the district court and remand the cause for it to hold an evidentiary hearing on the allegations set forth in Heiser's petition.