

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-2003

# USA v. Stephens

Precedential or Non-Precedential: Non-Precedential

Docket 02-1644

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Stephens" (2003). *2003 Decisions.* Paper 863.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/863

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-1644

_____

UNITED STATES OF AMERICA

v.

WAYNE STEPHENS,
                                        Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 98-cr-00136-5
District Judge:  The Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2003

_____

Before: SCIRICA, BARRY, and SMITH, Circuit Judges

(Opinion Filed: January 22, 2003)

_____

OPINION

_____

BARRY, Circuit Judge

## I.  BACKGROUND

On June 9, 2001, appellant Wayne Stephens was charged, along with several co-

defendants, in a multi-count indictment that alleged the distribution of crack cocaine in

interstate commerce.  On the day that had been scheduled for trial, June 18, 2001,  a

superceding information was filed charging appellant with one count of drug trafficking in violation of 18 U.S.C. §§ 1952(a)(3) and 2. On that same day, appellant pled guilty to the trafficking charge pursuant to a written plea agreement. Appellant acknowledged the fact that he distributed and benefited from drugs that he caused to be brought from New York to Pennsylvania. He further acknowledged that his plea was wholly volitional, and not the product of improper coercion.

After experiencing some difficulties with his client, appellant's appointed counsel, John F. Yaninek, was permitted to withdraw from representing him and Marilyn Zilli was appointed in his stead. Thereafter, appellant sought to withdraw his guilty plea and Zilli sought leave to withdraw as appellant's attorney, a motion he did not oppose. On November 30, 2001, argument was heard on appellant's motion.[1] He argued that although Yaninek knew he did not wish to plead guilty, Yaninek coerced a plea, even going so far as to bring in appellant's sister to exert influence over his decision. Appellant also indicated some confusion as to the factual basis for the crime he had pled to, asking numerous questions and challenging the District Judge's perception of the colloquy and the representations made at it. Upon realizing, however, that a crucial witness – Mr. Yaninek – was not before the Court, the Court scheduled a follow-up hearing for the purpose of taking testimony from him. Zilli was permitted to withdraw.

Another hearing was held on December 19, 2001. Yaninek testified that although he

---

[1]Appellant does not argue that he was unrepresented at this hearing; indeed, Ms. Zilli was there and explained certain matters to him as they arose in the course of the hearing.

2

was ready to go to trial on the day set for trial, appellant's case was, to say the least, weak and he counseled him to accept the "generous" plea offer, which appellant did. Appellant testified as to his various complaints about Yaninek, but mentioned precious little having anything to do with coercion.

On January 8, 2002, the District Court denied appellant's request to withdraw his guilty plea and appointed Dennis E. Boyle to represent him. The Court rejected appellant's complaints about Yaninek's alleged improprieties as baseless and found no evidence to support his claim that he had been coerced into pleading guilty. On February 14, 2002, appellant was sentenced to 60 months imprisonment and a fine of $2000. He appeals.


## II.  DISCUSSION

### 1.  Denial of the Motion to Withdraw the Guilty Plea

We review the District Court's denial of appellant's request to withdraw his guilty plea for abuse of discretion. United States v. Harris, 44 F.3d 1206, 1210 (3d Cir. 1995). Rule 32(e) of the Federal Rules of Criminal Procedure states that a district court may allow a defendant to withdraw his guilty plea before he is sentenced "if the defendant shows any fair and just reason." We have identified three factors by which to evaluate whether a defendant has demonstrated a "fair and just reason": "(1) whether the defendant asserts [his] innocence; (2) whether the government would be prejudiced by the withdrawal; and (3) the strength of the defendant's reason to withdraw the plea." United States v. Brown, 250 F.3d 811, 815 (3d Cir.2001).

Appellant did not claim he was innocent. Moreover, the government was prepared to proceed to trial on charges which were, at the time of the guilty plea, at least three years old. Finally, appellant's reason to withdraw his plea, i.e. the supposed coercion, was rejected. That reason, we note, was not only given short shrift in appellant's testimony, but was not supported by any evidence.

Appellant continues to maintain, however, that while he wanted to go to trial from the outset, he received threats from his attorney which served to undermine the voluntariness of his plea. See, e.g., Heiser v. Ryan, 951 F.2d 559, 561 (3d Cir. 1991). We disagree. There is ample evidence in the record, evidence the District Court credited, that while Yaninek advised his client as to what he felt was his best option, he did not influence appellant's decision improperly. In addition to Yaninek's testimony, this evidence includes a letter from Yaninek to appellant dated June 12, 2001, in which Yaninek says: "If you choose not to follow my advice...I will zealously advocate your innocence throughout the trial." (App. at 93). The District Court did not abuse its discretion when it denied appellant's request to withdraw his plea.

## 2. Alleged Violation of Appellant's Sixth Amendment Right to Counsel

"When determining whether a suspect's Sixth Amendment right to counsel has been violated, our standard of review is plenary." United States v. Tyler, 164 F.3d 150, 156 (3d Cir. 1998) (citing Flame v. Delaware, 68 F.3d 710, 720 (3d Cir.1995)). The Sixth Amendment provides, *inter alia*, that "[i]n all criminal prosecutions, the accused shall enjoy

4

the right . . . to have the Assistance of Counsel for his defense." "The right to counsel attaches at arraignment, extends through the first appeal, and guarantees an accused the assistance of counsel at all critical stages of a proceeding." Henderson v. Frank, 155 F.3d 159, 166 (3d Cir. 1998).

We need not decide whether counsel should have been appointed for the second hearing because, as we found in United States v. Crowley, 529 F.2d 1066, 1071 (3d Cir. 1976), where, we note, the District Court assumed defendant did not have counsel on the hearing to withdraw his guilty plea, "it is extremely unlikely that counsel would have been any more effective than the defendant himself in convincing the district court to exercise its discretion to permit withdrawal of the plea." Indeed, it seems clear that in this case, where claims of actual innocence have not been made, where no credible evidence of coercion has been adduced, where the government's plea offer was extraordinarily generous, and where it is apparent that even with the aid of counsel in the second hearing, the outcome would have been the same, there is no reason to disturb the District Court's disposition of this case on the basis of an alleged Sixth Amendment violation. Stated somewhat differently, and again as in Crowley, the absence of counsel at the December 19, 2001 hearing on appellant's motion to withdraw his plea was harmless beyond a reasonable doubt.

### III. CONCLUSION

The judgment of conviction and sentence will be affirmed.

5

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Maryanne Trump Barry
Circuit Judge