J-S53013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KHARYEE SMITH, | |
| Appellant | No. 88 EDA 2017 |

Appeal from the Judgment of Sentence Entered March 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0003013-2013
CP-51-CR-0014979-2013

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:               **FILED OCTOBER 31, 2017**

Appellant, Kharyee Smith, appeals from the judgment of sentence of 3 to 6 years' incarceration, followed by 4 years' probation, imposed after terms of probation he was serving in two separate cases were revoked. Appellant contends, *inter alia*, that Pa.R.Crim.P. 700 was violated when his two underlying cases were transferred to a different judge for the revocation/resentencing hearing.  After careful review, we agree.  Therefore, we vacate Appellant's judgment of sentence in each of his underlying cases, and remand for new probation violation hearings.

The currently presiding judge over this matter, the Honorable Glenn B. Bronson of the Court of Common Pleas of Philadelphia County, summarized the procedural and factual history of Appellant's case, as follows:

On July 9, 2013, at docket number CP-51-CR-0003013-2013, [Appellant] pled guilty to one count of attempted burglary (18 Pa.C.S. § 901) in front of the Honorable Angelo Foglietta of this Court. Judge Foglietta imposed the negotiated sentence of five years reporting probation. On March 19, 2014, at docket number CP-51-CR-0014979-2013, [Appellant] pled guilty to one count of criminal trespass (18 Pa.C.S. § 3503) and one count criminal mischief (18 Pa.C.S. § 3304) in front of the Honorable Sierra Thomas-Street of this Court. Judge Thomas-Street imposed the negotiated sentence of three to twenty-three months incarceration followed by three years of reporting probation on the criminal trespass charge with no further penalty on the criminal mischief charge. [Appellant's] guilty plea in front of Judge Thomas-Street gave rise to a direct violation of Judge Foglietta's probation and Judge Foglietta subsequently revoked [Appellant's] probation on April 14, 2014, and re-sentenced [Appellant] to time served to twelve months['] incarceration plus three years['] reporting probation.

On July 15, 2014, [Appellant] was arrested for robbery. Because the alleged robbery would be a direct violation of [Appellant's] probation in both of [his prior] cases, violation of probation ("VOP") proceedings were initiated in each case. Both of these matters were transferred to [Judge Bronson] under the First Judicial District's Focused Deterrence Program.[1] [Judge Bronson] held a hearing pursuant to **Commonwealth v. Kates**, 305 A.2d 701 (Pa. 1973) [(hereinafter, "**Daisy Kates** hearing"),] on December 17, 2014[,] and found [Appellant] in direct violation of his probation in the above cases.[2] On March 9, 2015, [Judge Bronson] terminated [Appellant's] parole in his burglary case, revoked [Appellant's] probations, and resentenced [Appellant] to an aggregate term of three to six years['] incarceration plus four years['] reporting probation. [Appellant] filed post-sentence motions, which [Judge Bronson] denied on July 2, 2015. [Appellant] filed a notice of appeal on July 29, 2015, which the Superior Court quashed as untimely filed on June 16, 2016.[3]

[1] [The] Focused Deterrence [Program] is a First Judicial District program aimed at reducing gun violence arising from gang-related activity.

[2] A **Daisey Kates** hearing is a revocation hearing held regarding an alleged "direct violation" of parole or probation where the alleged violation is premised upon

conduct that is the subject of an open criminal case, and the revocation hearing is held prior to [the] defendant's trial on the substantive criminal charges. This procedure was first approved by our Supreme Court in … ***Kates***….

[3] [Appellant's] appeal was untimely as [his] post-sentence motion did not toll the 30-day appeal period. ***See*** Pa.R.Crim.P. 708(E); [***Commonwealth v. Smith***, Nos. 2325 EDA 2015, 2327 EDA 2015, unpublished memorandum at 5 (Pa. Super. filed June 16, 2016)].

On September 8, 2016, [Appellant] filed a petition under the Post Conviction Relief Act[, 42 Pa.C.S. §§ 9541-9546,] seeking reinstatement of his appellate rights *nunc pro tunc*. On December 30, 2016, [Judge Bronson] granted [Appellant's] petition, reinstated [his] appellate rights, and appointed Lauren Baraldi, Esquire, to represent [Appellant] on appeal. As [Judge Bronson] had previously ordered [Appellant] to file a Statement of Errors pursuant to Pa.R.A.P. 1925(b), and as [Appellant] complied with this … order, [Judge Bronson] did not order [Appellant] to file a new Statement of Errors.

Trial Court Opinion (TCO), 1/6/17, at 1-2.

Herein, Appellant presents three questions for our review:

A. Whether Appellant's right secured under Rule 700 of the Pennsylvania Rules of Criminal Procedure were violated when supervision of his probation on two cases were transferred over Appellant's objection?

B. Whether Appellant's Due Process Rights, secured under the 5th and 14th Amendments to the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution, were violated when the Commonwealth was permitted to choose which Judge would preside over Appellant's Violation of Probation Hearing?

C. Whether Appellant's Equal Protection Rights, secured under the 14th Amendment to the United States Constitution were violated when the Commonwealth was permitted to choose which Judge would preside over Appellant's Violation of Probation Hearing?

Appellant's Brief at 1-2.

We begin by recognizing that,

> [w]hen we consider an appeal from a sentence imposed following the revocation of probation, "[o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S. § 9771(b)." ***Commonwealth v. Fish***, 752 A.2d 921, 923 (Pa. Super. 2000). Revocation of a probation sentence is a matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. ***Commonwealth v. Smith***, 447 Pa. Super. 502, 669 A.2d 1008, 1011 (1996).

***Commonwealth v. McNeal***, 120 A.3d 313, 322 (Pa. Super. 2015).

Appellant first contends that Pa.R.Crim.P. 700 was violated when his cases before Judge Foglietta and Judge Thomas-Street were transferred to Judge Bronson as part of the Focused Deterrence Program.[1]  In support of his argument, Appellant relies on both the plain language of Rule 700, as well as this Court's interpretation of the rule in ***McNeal***.  Rule 700 states:

> (A) Except as provided in paragraph (B), the judge who presided at the trial or who received the plea of guilty or *nolo contendere* shall impose sentence unless there are extraordinary circumstances which preclude the judge's presence. In such event, another judge shall be assigned to impose sentence.
>
> (B) A court may provide by local rule that sentence on a plea of guilty or *nolo contendere* may be imposed by a judge other than the judge who received a plea of guilty or *nolo contendere.* In

---

[1] We note that Appellant preserved his challenge to the transfer of his cases by objecting at the probation violation hearing.  ***See*** Appellant's Brief at 6 (quoting N.T. Hearing, 10/10/14, at 6-7).  Neither the Commonwealth nor the trial court contend otherwise.

such event, the defendant must be so notified at the time of entering the plea.

Pa.R.Crim.P. 700.

In **McNeal**, the appellant's case was transferred from Judge Trent, who had presided over McNeal's guilty plea and sentenced him, to Judge Wogan, who was assigned to preside over new charges that McNeal had received while serving the term of probation imposed by Judge Trent. McNeal's new charges also formed a basis for revoking his probation. As such, during a phone call between Judge Trent and Judge Wogan regarding an unrelated matter, Judge Wogan offered to preside over McNeal's probation violation hearing. Judge Trent accepted Judge Wogan's offer, and McNeal's case was transferred. **See McNeil**, 120 A.3d at 317-321.

On appeal, McNeal argued that the transfer violated Rule 700. We agreed, holding that Rule 700 requires that the judge who presided at trial, or received the plea of guilty or *nolo contendere*, be the same judge who resentences the defendant following a probation violation hearing. **McNeal**, 120 A.3d at 323. The **McNeal** panel stressed that, "[o]nly upon 'extraordinary circumstances' is another judge permitted by the terms of the rule to impose a sentence" following the revocation of probation. **Id.** (quoting Pa.R.Crim.P. 700(A)). Because we found no 'extraordinary circumstance' existed to necessitate the transfer of McNeal's case from Judge Trent to Judge Wogan, we concluded that McNeal was "entitled to a new probation violation hearing." **Id.** at 324-25.

In this case, we initially recognize that Judge Bronson concedes that under ***McNeal***, the transfer of Appellant's cases was improper.[2]  ***See*** TCO at 4.  Judge Bronson requests that we vacate Appellant's judgment of sentence and remand his cases to Judge Foglietta and Judge Thomas-Street for new probation violation hearings.  ***Id.***

Appellant also argues that his case must be remanded in light of ***McNeal***.  Appellant stresses that "both judges who received [his] pleas were actively hearing criminal cases" at the time of his probation violation hearing and, therefore, "those two judges should have presided over the violation hearing[] absent an 'extraordinary circumstance[.]'"  Appellant's Brief at 8.  Appellant avers that the sole reason his cases were transferred to Judge Bronson was his selection for the Focused Deterrence Program, which was not an 'extraordinary circumstance' justifying the transfer.

We agree.  As Appellant points out, there is very little case law defining what constitutes an 'extraordinary circumstance' under Rule 700.  ***Id.***  In ***McNeal***, we concluded that "[r]andom chance[,]" *i.e.* Judge Trent's happening to call Judge Wogan about an unrelated case, "does not amount to an extraordinary circumstance."  ***McNeal***, 120 A.3d at 324.  In contrast, in ***Commonwealth v. Williams***, 375 A.2d 155 (Pa. Super. 1977), this

---

[2] ***McNeal*** was filed on July 16, 2015, just 14 days after Judge Bronson denied Appellant's post-sentence motion in which Appellant reiterated his challenge to the transfer of his cases.  ***See*** Post-Sentence Motion, 3/17/15, at 1-2 (unnumbered).

Court found that a judge's suffering a stroke was an 'extraordinary circumstance' permitting the transfer of the appellant's case to a different jurist.

Here, nothing in the record suggests that either Judge Foglietta or Judge Thomas-Street were unable to handle Appellant's probation violation hearings. Furthermore, we agree with Appellant that his selection for the Focused Deterrence Program was not an 'extraordinary circumstance' justifying the transfer of his cases to Judge Bronson. Notably, the Commonwealth has presented no argument to the contrary. Instead, it essentially concedes that the transfer was improper, but it contends that the error was harmless because "there is no reason to believe that [Appellant's] sentences would have been reduced if his cases had been assigned … to Judge Foglietta and Judge Thomas-Street[,]" rather than Judge Bronson. Commonwealth's Brief at 16. The Commonwealth also adds that, "[r]emanding for Judge Foglietta and Judge Thomas-Street to re-impose the sentence would constitute an ineffectual duplication of limited judicial resources." *Id.* at 17.

We are unpersuaded by the Commonwealth's harmless error and judicial economy arguments. As we explained in *McNeal*,

> [t]he use of the word "shall" in the language of … [R]ule [700] evinces Pennsylvania's general disinclination to permit different judges to try and to sentence a defendant. This policy recognizes the obvious value of a judge who "is in the best position to view a defendant's character, defiance or indifference, and the overall effect and nature of the crime. When formulating its order, the sentencing court must consider the nature of the criminal and

the crime." ***Commonwealth v. Koren****,* 435 Pa. Super. 499, 646 A.2d 1205, 1208 (1994) (internal citations omitted). It is axiomatic that the judge who presides over the trial, or who accepts a guilty plea based upon a recitation of the facts underlying the pleaded-to crime, is the judicial officer best equipped to assess the nature of the defendant and the crime itself before imposing sentence.

***McNeal****,* 120 A.3d at 323.

Here, under the rationale of ***McNeal***, Judge Foglietta and Judge Thomas-Street are unquestionably in the best position to preside over Appellant's probation violation hearings. Thus, the value of having those two jurists preside over the proceedings outweighs the judicial resources that remand expends.

Moreover, the Commonwealth's harmless error argument is unconvincing, as it effectively places the burden *on Appellant* to establish that his current sentence is harsher than that which he would have received before Judge Foglietta and Judge Trent. We remind the Commonwealth that "[t]he burden of establishing that the error was harmless *rests upon the Commonwealth*." ***Commonwealth v. Mitchell***, 839 A.2d 202, 215 (Pa. 2003) (emphasis added) (citing ***Commonwealth v. Story***, 383 A.2d 155, 162 n.11 (Pa. 1978)). Additionally, we fail to see how *any party* could demonstrate harmless error in this context, as it calls for pure speculation regarding what sentence a court would impose. Therefore, the Commonwealth's harmless error argument does not persuade us that remand is unnecessary.

Accordingly, under Rule 700 and **McNeal**, we conclude that Appellant is entitled to new probation violation hearings before Judge Foglietta and Judge Thomas-Street. Thus, we vacate his judgment of sentence in each of his two underlying cases, and remand for those proceedings.[3]

Judgments of sentence vacated. Cases remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2017

---

[3] In light of our disposition, we need not address Appellant's other two issues.