## In re: SEALED CASE.

### Nos. 00–3123 and 00–3124.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 7, 2001.

Decided March 22, 2002.

As Amended March 29, 2002.

Neil H. Jaffee, Assistant Federal Public Defender, argued the cause for the appellant. A.J. Kramer, Federal Public Defender, was on brief.

Patricia A. Heffernan, Assistant United States Attorney, argued the cause for the appellee. Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher, William J. O'Malley, Jr. and James H. Dinan, Assistant United States Attorneys, were on brief for the appellee.

Before: EDWARDS, HENDERSON and GARLAND, Circuit Judges.

Opinion for the Court filed by Circuit Judge HENDERSON.

KAREN LeCRAFT HENDERSON,
Circuit Judge:

This consolidated appeal arises from two criminal proceedings involving the appellant. In Cr. No. 96–106–01, the appellant was convicted by a jury of possessing with intent to distribute cocaine base; in Cr. No. 97–93–01, he pleaded guilty to a drug conspiracy charge pursuant to a plea agreement. The two cases were consolidated for sentencing and appeal (Nos. 00–3123 and 00–3124). On appeal, the appellant seeks to vacate his guilty plea in Cr. No. 97–93–01, claiming that the district court did not comply with Rule 11(c)(1) of the Federal Rules of Criminal Procedure. In particular, he contends that the district court failed to ensure that he understood the elements of the conspiracy charge to which he was pleading guilty. If the Rule 11 plea colloquy is deficient, the appellant further contends, the waiver provision of the plea agreement—which would otherwise bar his appeal of the jury trial conviction in Cr. No. 96–106–01—is ineffective. His conviction after trial should be reversed, he asserts, because (1) the district court gave a constitutionally deficient reasonable doubt instruction to the jury and (2) the prosecutor made several errors which cumulatively constitute "plain error." We conclude that the district court accepted the appellant's guilty plea in compliance with Rule 11 and, accordingly, affirm the appellant's convictions in both cases.

### I.

On April 4, 1996 a one-count indictment was filed in Cr. No. 96–106–01 charging the appellant with possessing with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). His jury trial began on October 16, 1996 and the jury convicted him on October 21, 1996. Before sentencing, the appellant decided to cooperate with the government in an attempt to reduce his sentencing exposure.

Subsequently, on March 4, 1997, the government filed in district court a one-count information, in Cr. No. 97–93–01, charging the appellant with conspiracy to distribute and to possess with intent to distribute one hundred kilograms or more of cannabis and five or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. The conspiracy, which was alleged to have begun in 1990 and continued until September 1996, included the offense conduct set forth in Cr. No. 96–106–01 as one of the overt acts in furtherance thereof. On the same day the information was filed, the appellant signed a plea agreement and entered a guilty plea to the information. According to the plea agreement, he agreed to cooperate with the government in return for the government's promise to dismiss charges against him in two pending District of Columbia Superior Court cases and, depending on his level of cooperation, to file a "substantial assistance" downward departure motion. United States Sentencing Commission, *Guidelines Manual,* § 5K1.1 (Nov. 2001).

The appellant failed to appear for sentencing in the consolidated cases and a bench warrant was issued. After his arrest on the warrant and his counsel's withdrawal, his new lawyer filed a motion to withdraw the guilty plea on the ground of ineffective assistance of counsel. The district court held a hearing and on July 12, 2000 denied the motion. It sentenced the appellant to concurrent sentences of 151 months in each case and ordered him to serve supervised terms of release of three years in Cr. No. 96–106–01 and four years in Cr. No. 97–93–01. The appellant filed a timely notice of appeal in each case and on June 28, 2001 this court granted his motion to consolidate.

### II.

■ The appellant first asks this court to vacate his guilty plea on the ground that

the district court accepted his plea in violation of Rule 11 of Federal Rules of Criminal Procedure. He contends that although the district court informed him of the charge, it failed to detail the elements of the crime of conspiracy and, consequently, did not ascertain that he understood the nature of the charge to which he was pleading guilty. Accordingly, he argues that the guilty plea proceeding did not comply with Fed.R.Crim.P. 11(c)(1) and his plea must be vacated. Ordinarily, if Rule 11 error occurs during a plea hearing, the government bears the burden of demonstrating that the error was harmless. *See* Fed.R.Crim.P. 11(h) ("[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded"); *see also United States v. Lyons*, 53 F.3d 1321, 1322 n. 1 (D.C.Cir. 1995). If the defendant allows an alleged error to pass without objection, however, he then assumes the burden of meeting the more exacting plain error requirement of Rule 52(b), Fed.R.Crim.P. 52(b). *See United States v. Vonn*, —— U.S. ——, 122 S.Ct. 1043, 1048, 152 L.Ed.2d 90 (2002). Because the appellant made no objection at the plea hearing, he has the burden to show that the district court's alleged Rule 11 violation implicated "substantial rights" and that the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *See United States v. Olano*, 507 U.S. 725, 734–36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

▇▇ Entry of a guilty plea is governed by Rule 11, Fed.R.Crim.P., which provides in relevant part:

Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory mini-

mum penalty provided by law, if any, and the maximum possible penalty provided by law....

Fed.R.Crim.P. 11(c)(1). Regarding the requirement to inform the defendant of "the nature of the charge," we have adopted a standard mandating that the court "have a colloquy with the defendant that would lead a reasonable person to believe that the defendant understood the nature of the charge." *United States v. Dewalt*, 92 F.3d 1209, 1212 (D.C.Cir.1996) (quoting *United States v. Frye*, 738 F.2d 196, 201 (7th Cir.1984)). We look to the "totality of the circumstances" to determine if the plea was properly accepted. *See, e.g., United States v. Liboro*, 10 F.3d 861, 865 (D.C.Cir. 1993). In addition to the judge's inquiry, the circumstances we consider include: the defendant's level of intelligence; whether he was represented by counsel; the complexity of the charge against him; and his own statements at the plea hearing. *See United States v. Musa*, 946 F.2d 1297, 1304 (7th Cir.1991) (cited approvingly in *Dewalt*, 92 F.3d at 1212).

Rule 11 prescribes a procedure " 'designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary ... [and] to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination.' " *Dewalt*, 92 F.3d at 1211–12 (quoting *McCarthy v. United States*, 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)). A guilty plea is not "voluntary in the sense that it constitute[s] an intelligent admission that [the defendant] committed the offense unless the defendant received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.' " *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) (citations omitted). The Supreme Court also recognized

that each case presents its own facts and, as a consequence, declined to delineate a specific procedure for a trial court to follow beyond the language of the rule itself, observing that "[i]n all such inquiries, [m]atters of reality, and not mere ritual should be controlling." *McCarthy v. United States*, 394 U.S. at 467 n. 20, 89 S.Ct. at 1171 n. 20 (internal quotations omitted).

■ During the plea colloquy, in response to the district court's inquiries, the appellant stated that he was twenty-two years old, had an eleventh-grade education and had no difficulty communicating in English. 3/4/97 Tr. at 2. He also affirmed that he had been allowed sufficient time to discuss the plea with his lawyer and that he was satisfied with his lawyer's services. *Id.* at 3. The court then asked if he understood that he was "charged with conspiracy to distribute and to possess with intent to distribute one hundred kilograms or more of cannabis and five or more grams of cocaine base?" *Id.* at 5. The appellant replied "yes." *Id.* at 6. Later, the court inquired, "Did you, as charged in this information, . . . conspire with [the co-conspirators] and other people to distribute and possess with intent to distribute a large quantity of marijuana and crack cocaine?" *Id.* at 10–11. The appellant initially responded "just marijuana, sir." The district court then asked, "I beg your pardon?" The appellant responded, "It wasn't crack cocaine. I didn't *conspire* with them on crack cocaine." 3/4/97 Tr. 10–11 (emphasis added). After the appellant conferred with his lawyer, the district court then repeated the question and the appellant responded "yes."[1] That he used the word "conspire" to describe (and minimize) his criminal conduct indicates that he indeed understood the nature of the conspiracy charge against him. While the

appellant argues that he was simply parroting the court's terminology, *see* Reply Br. at 6, the fact that he used the word in a contextually appropriate manner is, we believe, significant. His own words, in combination with the other evidence detailed below, lead us to conclude that a "reasonable person" would believe that the appellant understood the nature of the conspiracy charge. *See Dewalt*, 92 F.3d at 1212.

The district court also considered the factual proffer filed in the case, which the appellant acknowledged he had read, and with which, by his signature on the sixth page thereof, he indicated that he agreed. In the proffer, he admitted that he "participated in a loosely knit, violent drug organization that sold crack cocaine and marijuana" and that "the members or the organization protected the [ ] housing complex as its own open air drug market . . . and cooperated to protect each other from detection by police." *See* Appellant's App. at 14. The appellant further acknowledged in the proffer that he "sold marijuana at [location] with [the] co-conspirators . . ., and others known and unknown to the government." *Id.* at 15. As part of their *modus operandi*, "the members took turns selling to customers in order to allow everyone to profit, and warned one another when the police came into the area to protect against arrest and seizure of drugs." *Id.* at 15. He also admitted selling cocaine base in the area named in the proffer in a similar manner. *Id.* at 15.

■ Despite his assurances to the contrary during the plea hearing, the appellant now claims he in fact lacked the requisite understanding of the crime to which he pleaded guilty because the district court did not adequately explain the elements of

---

1. The appellant's lawyer explained his client's initial response by stating, "with regard to cocaine, my client admitted that in the last case that was tried before your honor, in the process of that period of time he sold some crack cocaine." 3/4/97 Tr. at 11.

the crime of conspiracy. Neither Rule 11 nor case law, however, "specifies the minimum that a district judge must do to inform the defendant of the nature of the charge." *Dewalt,* 92 F.3d at 1212. In particular, we have held that Rule 11(c)(1) does not *require* that the district court spell out the elements of the charge in order to inform the defendant adequately. *See Liboro,* 10 F.3d at 865. In *Liboro,* we stated that "[t]he contention that ... the judge must deliver to the defendant the equivalent of a jury charge finds no support in the language of [Rule 11] and runs counter to the legislative history. There is no requirement that the elements of the offense be explained." *Id.* (internal quotations and citations omitted).[2] While the district court must assure itself that the defendant understands the nature of the charge to which he is pleading so that his plea is a knowing one, it need not, in every case, specially isolate each element of the particular crime.

As noted earlier, the complexity of the charge is another of the circumstances we consider in determining whether the defendant's guilty plea was a knowing one. The United States Supreme Court long ago declared that a conspiracy is simply "a partnership in criminal purposes." *United States v. Kissel,* 218 U.S. 601, 608, 31 S.Ct. 124, 54 L.Ed. 1168 (1910). The elements of the crime of conspiracy are (1) an agreement to commit a specific offense (here, drug possession/distribution); (2) knowing

participation in the conspiracy with the intent to commit the offense; and (3) commission of at least one overt act in furtherance of the conspiracy. *See United States v. Wilson,* 160 F.3d 732, 737 (D.C.Cir. 1998). As set forth in Instruction 4.92 of our circuit's district court "Red Book," Criminal Jury Instructions for the District of Columbia No. 4.92 (4th ed. 1993), "[t]he essence of the offense of conspiracy is an agreement or understanding to violate other laws, and at least a single act done to carry out that unlawful agreement." The appellant's responses to the district court's queries as well as his admissions regarding the uncomplicated charges against him manifest his understanding of the "nature of the [conspiracy] charge" to which he was pleading guilty.

In *Dewalt,* we did find a plea colloquy defective where, *inter alia,* the judge did not inform the defendant of the "knowledge" element of a gun possession offense. *Dewalt,* 92 F.3d at 1212. *Dewalt* was charged with illegal possession of a sawed-off shotgun, that is, "a weapon made from a shotgun ... [which] as modified has ... a barrel or barrels of less than 18 inches in length." 26 U.S.C. § 5845(a)(2). Because it was not clear from the indictment that the charge required specific knowledge of the gun barrel length, we concluded that the district court should have specifically ascertained that the defendant knew the barrel length was shorter than 18 inches. *Id.*[3] The shortcomings of the *Dewalt* plea

---

**2.** The appellant attempts to distinguish *Liboro* by pointing to Liboro's "education and sophistication" and the lack of "esoteric terms or concepts unfamiliar to the lay mind" in the charges Liboro faced. He omits that in *Liboro* we also emphasized the fact that the defendant there, as here, had "his counsel at his side throughout the plea negotiations [and] the government's case spread before him." *Liboro,* 10 F.3d at 865.

**3.** This error, however, was not the only one we ascribed to the district court in *Dewalt.*

We detailed a number of problems with the district court's acceptance of the defendant's guilty plea: it failed to ask Dewalt if he had read the indictment or whether his counsel had assisted him in understanding it; it did not even mention to the defendant that the charge involved possession of a weapon; and the factual proffer did not include any information that the defendant knew the barrel length of the shotgun. *See Dewalt,* 92 F.3d at 1212.

proceeding are plainly distinguishable from the sole variance alleged by the appellant. As the Seventh Circuit observed in *Musa*, "[w]hile the subtleties of conspiracy law might be the bane of criminal law students, the basic principle is easily understood: a group of people agreeing to do something illegal." *Musa*, 946 F.2d at 1305.

The trial court reasonably concluded that the appellant understood the nature of the charge to which he was pleading guilty as evidenced by: the numerous (at least three) times during the plea colloquy that the court informed the appellant of the charge (twice by reference to the factual proffer); the detail of the factual proffer itself; the straightforward nature of the charge against him; the fact that he was represented and advised by counsel throughout; and, importantly, the appellant's own use of the word "conspired" in response to the court. Even assuming the district court erred in not parsing the elements of the conspiracy charges, the error in no way approaches plain error under Rule 52(b). At the same time, however, we remind trial courts to exercise care and precision in complying with Rule 11.

### III.

The appellant also challenges his conviction in Cr. No. 96–106–01, claiming the district court committed plain error by incorrectly defining reasonable doubt to the jury. In addition, he alleges prosecutorial misconduct during cross-examination and in the government's closing argument. His plea agreement, however, provides that he "agrees to withdraw all pending motions for new trial regarding his conviction in Criminal Case number 96–106 and

---

4. The appellant suggests, in a footnote, that "various individual judges ... have rejected waivers of appellate rights." *See* Reply Br. at 8 n. 2. As the government notes, however, ten other circuits have found waivers of appeals permissible and enforceable. *See, e.g.,*

to waive all further challenges to or appeals of his conviction in that case." (Appellant's App. at 5, ¶ 1(c)). The appellant's sole response is that the waiver of appeal should not be enforced because his guilty plea failed to comply with Rule 11(c)(1). (Reply Br. at 9).[4] Because his guilty plea was in fact properly accepted under Rule 11, the appellant has waived his right to appeal Cr. No. 96–106–01.

For the foregoing reasons, we affirm the appellant's conviction in No. 00–3124 and we dismiss his appeal in No. 00–3123.

*So ordered.*

*United States v. Teeter*, 257 F.3d 14, 21 (1st Cir.2001); *United States v. Khattak*, 273 F.3d 557, 560 (3d Cir.2001); *United States v. Brown*, 232 F.3d 399, 403 (4th Cir.2000); *United States v. Hare*, 269 F.3d 859, 860 (7th Cir.2001).