UNITED STATES of America,
Appellee,

v.

Clyde Anthony SCOTT, Appellant.

No. 01–3148.

United States Court of Appeals,
District of Columbia Circuit.

April 22, 2003.

Rehearing Denied June 18, 2003.

Before: TATEL and GARLAND, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs filed by the parties, and was argued by counsel. For the reasons set forth in the attached memorandum, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.

## MEMORANDUM

Appellant Clyde Anthony Scott seeks to withdraw, or have vacated, his plea of guilty to the charge of conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), and 846.

We first reject Scott's argument that the district court's denial of his motion to withdraw his plea should be reviewed for abuse of discretion. In fact, there is no denial to review. The court gave Scott multiple opportunities to submit a motion to withdraw in writing, and Scott failed to do so; in the end, he stated that he no longer wished to withdraw his plea. *See* First Sentencing Hr'g Tr. at 33–34; Second Sentencing Hr'g Tr. at 2, 12–15.

■ Second, we consider Scott's claim that the district court's initial acceptance of his guilty plea failed to comport with Fed.R.Crim.P. 11. We apply plain error review, taking into account the entirety of the record. *See United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 1048, 1054–55, 152 L.Ed.2d 90 (2002). Scott's claim that the district court failed to establish a factual basis for the plea is unfounded. The heroin, packaging material, and scale found in his apartment, as well as Scott's own admissions in open court, amply satisfy Rule 11's requirement that a plea be grounded in "sufficient evidence from which a reasonable jury could conclude that the defendant committed the crime." *United States v. Abreu,* 964 F.2d 16, 19 (D.C.Cir.1992).

■ Third, Scott argues that the court failed to establish the voluntariness of his plea. We disagree. The judge thoroughly explained the charge and relevant conduct to which Scott was pleading and questioned him at length about the voluntary nature of the plea. This careful, patient, and detailed colloquy fully satisfied the requirements of Rule 11. *See, e.g., In re Sealed Case,* 283 F.3d 349, 352 (D.C.Cir. 2002). Moreover, although Scott, the government, and the judge were all mistaken at the plea hearing as to the applicable criminal history category under the Sentencing Guidelines, the judge clearly warned the defendant that he could not rely on any sentencing predictions made at that time. *See, e.g., United States v. Mathis,* 963 F.2d 399, 411 (D.C.Cir.1992).

■ Finally, although we agree with Scott that his attorney erred by incorrectly assessing his criminal history category prior to entry of the plea, Scott cannot prevail on his ineffective assistance of counsel claim because he has not shown that he has been prejudiced by the error. *Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Scott does not affirmatively allege, much less establish to a reasonable probability, that he would have chosen to go to trial had he known the correct category. *See United States v. Horne,* 987 F.2d 833, 835–36 (D.C.Cir. 1993). In fact, the 108–month sentence that the court imposed fell within the possible sentencing ranges discussed at the plea colloquy, but Scott still chose not to go to trial. Nor does Scott show any reason to believe that he would have succeeded at trial. *See id.* Indeed, he proffers no plausible defense at all. *See United States v. Farley,* 72 F.3d 158, 163 (D.C.Cir.1995). Although Scott attempts to avoid the prejudice requirement by casting his ineffective assistance claim as a conflict-of-interest argument, we have re-

peatedly rejected such repackaging attempts, *see, e.g., United States v. Bruce*, 89 F.3d 886, 893 (D.C.Cir.1996), and we discern no actual conflict of interest between Scott and his attorney, *see id.* at 895. We therefore affirm the judgment of the district court.