

Villanova University School of Law
Villanova University School of Law Digital Repository

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2009

# USA v. Julio Tula-Mani

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3766

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Julio Tula-Mani" (2009). *2009 Decisions.* Paper 1288.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1288

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 08-3766

———

UNITED STATES OF AMERICA

v.

JULIO TULA-MANI,

Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 08-cr-00251-1)
District Judge:  Honorable William Nealon

———

Submitted Under Third Circuit LAR 34.1(a)
May 19, 2009

BEFORE: RENDELL and GARTH, *Circuit Judges*, and
PADOVA, *Senior District Judge*.[*]

(Filed: May 28, 2009)

———

OPINION OF THE COURT

———

———

  [*]The Honorable John R. Padova, Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

PADOVA, *Senior District Judge.*

Appellant Julio Tula-Mani pled guilty to one count of unlawful reentry by a removed alien, in violation of 8 U.S.C. § 1326(a), and the District Court sentenced him to 21 months of imprisonment, one year of supervised release, and a $100 special assessment. Counsel for Appellant has moved to withdraw as appellate counsel and has filed a brief in support of the motion pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel contends that this case presents no nonfrivolous issues for appeal. We agree. Accordingly, we will affirm the judgment of the District Court and, in a separate order filed concurrently herewith, we will grant Counsel's motion to withdraw.

I.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review to determine whether there are any nonfrivolous issues on appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988). The determination of frivolousness is informed by the standard of review for each potential claim raised. See, e.g., United States v. Schuh, 289 F.3d 968, 974-76 (7th Cir. 2002).

II.

Because we write solely for the parties, we will address only those facts necessary to our decision. On December 14, 2007, Appellant was deported from the United States to Mexico, where he was and remains a citizen. In 2008, Appellant illegally reentered the United States to reunite with his 5-year-old daughter, who was living in Wilkes-Barre,

Pennsylvania. On May 20, 2008, Appellant was arrested in Luzerne County, Pennsylvania, for driving under the influence. Local officials notified the Bureau of Immigration and Customs Enforcement ("ICE") on May 21, 2008, that Appellant appeared to be in the country illegally, and Appellant admitted to ICE agents in an interview conducted on May 30, 2008, that he was a citizen of Mexico who was previously removed from the United States.

On June 30, 2008, ICE agents arrested Appellant for unlawful reentry in violation of 8 U.S.C. § 1326(a). On August 27, 2008, Appellant pled guilty to that offense and was sentenced. The pre-sentence investigation report ("PSR"), to which Appellant did not object, determined that Appellant's total offense level was 10 and his criminal history category was I, yielding a Guidelines sentencing range of 21 to 27 months of imprisonment. The PSR stated that the Guidelines range was capped at 24 months, however, because of the two-year statutory maximum generally applicable to violations of 8 U.S.C. § 1326(a). After hearing trial counsel's arguments in favor of a downward variance and considering Appellant's prior criminal history (which included several prior drunk driving offenses), mitigating personal circumstances, and background, the District Court sentenced him to 21 months' imprisonment. This sentence fell at the bottom end of the advisory Guidelines custody range. Appellant timely filed this appeal.

### III.

Our role with respect to <u>Anders</u> briefs is to determine whether the appeal is wholly

3

frivolous.   If so, we may "grant counsel's motion to withdraw and dismiss the appeal . . .

."  United States v. Youla, 241 F.3d 296, 299 (3d Cir. 2001) (citing Anders, 386 U.S. at

744).  However, if we find "'any of the legal points arguable on their merits (and

therefore not frivolous) [we] must, prior to decision, afford the indigent the assistance of

counsel to argue the appeal.'"  Id. at 300 (quoting Anders, 386 U.S. at 744).  We have

codified this standard in Local Appellate Rule 109.2(a).[1]  Id.

Our Anders inquiry is twofold.  First, we must determine "whether counsel

adequately fulfilled the rule's requirements."  Id. (citation omitted).  An adequate Anders

brief: (1) "satisf[ies] the court that counsel has thoroughly examined the record in search

of appealable issues," id.; (2) identifies any "issue[s] arguably supporting the appeal even

---

[1]The Rule provides:

> Where, upon review of the district court record, counsel is
> persuaded that the appeal presents no issue of even arguable
> merit, counsel may file a motion to withdraw and supporting
> brief pursuant to Anders v. California, 386 U.S. 738 (1967),
> which must be served upon the appellant and the United States.
> The United States must file a brief in response.  Appellant may
> also file a brief in response pro se.  After all briefs have been
> filed, the clerk will refer the case to a merits panel.  If the panel
> agrees that the appeal is without merit, it will grant counsel's
> Anders motion, and dispose of the appeal without appointing
> new counsel.  If the panel finds arguable merit to the appeal, or
> that the Anders brief is inadequate to assist the court in its
> review, it will appoint substitute counsel, order supplemental
> briefing and restore the case to the calendar. . . .

3d Cir. L.A.R. 109.2(a).

4

though the appeal was wholly frivolous," Smith v. Robbins, 528 U.S. 259, 285 (2000); and (3) "explain[s] why the issues are frivolous." United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000). Second, we must determine "whether an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300. "An appeal on a matter of law is frivolous where 'none of the legal points [are] arguable on their merits.'" Id. at 301 (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)); see also McCoy v. Court of Appeals of Wis., 486 U.S. 429, 438 n.10 (1988) (noting that an appeal is frivolous if it "lacks any basis in law or fact").

## A.

In his brief, Counsel identifies three potential issues for appeal: (1) the jurisdiction of the court to enter the conviction and impose sentence; (2) the validity or voluntariness of Appellant's guilty plea; and (3) the legality of Appellant's sentence. Appellant did not exercise his right to file a brief pro se. See 3d Cir. L.A.R. 109.2(a). In light of Appellant's guilty plea, Counsel properly limited his analysis to these three issues. See United States v. Broce, 488 U.S. 563, 569 (1989) (limiting appellate review in cases involving guilty pleas to the validity and voluntariness of such pleas); 18 U.S.C. § 3742(a). Counsel examines each potential issue with care, cites substantially to the record and controlling case law, and identifies and rebuts potential counter-arguments against a finding of frivolousness. We therefore find that the Anders brief is adequate because Counsel has "'provided sufficient indicia that he thoroughly searched the record

5

and the law in service of his client so that we might confidently consider only those objections raised.'" Youla, 241 F.3d at 301 (quoting Marvin, 211 F.3d at 781).

B.

Having determined that Counsel's Anders brief is adequate, we allow the brief to guide our independent review of the record.  See Youla, 241 F.3d at 301.  The first issue identified by Counsel pertains to the District Court's jurisdiction.  Appellant pled guilty to violating 8 U.S.C. § 1326(a), a criminal immigration offense.  The District Court plainly had jurisdiction to punish such an offense.  See 8 U.S.C. § 1329; see also 18 U.S.C. § 3231.  Thus, Appellant can raise no nonfrivolous issues with respect to jurisdiction.

The second issue identified by Counsel pertains to the validity and voluntariness of Appellant's guilty plea.  The record shows that the District Court, as required by Fed. R. Crim. P. 11(b) and Boykin v. Alabama, 395 U.S. 238 (1969), thoroughly colloquied Appellant before accepting his plea.   The District Court informed Appellant of the nature of the charge against him, the rights he forfeited by pleading guilty, the maximum penalties permitted for his offense, the advisory nature of the Sentencing Guidelines, the fact that he could not withdraw his plea merely because he may be dissatisfied with his sentence, and the factual basis for his guilty plea.  See United States v. Schweitzer, 454 F.3d 197, 202 (3d Cir. 2006).  Looking at the totality of the circumstances surrounding

6

Appellant's plea, we are satisfied that Appellant voluntarily and knowingly pled guilty.[2]

See United States v. Cefaratti, 221 F.3d 502, 508 (3d Cir. 2000); see also Heiser v. Ryan, 951 F.2d 559, 564 (3d Cir. 1991). Appellant can therefore raise no nonfrivolous issues with respect to his plea.

The third and final issue identified by Counsel pertains to the legality of Appellant's sentence. To be legal, a sentence cannot exceed the maximum sentence permitted by statute and must be reasonable. See United States v. Cooper, 437 F.3d 324, 327 (3d Cir. 2006); United States v. Flenory, 876 F.2d 10, 11 (3d Cir. 1989). For a sentence to be reasonable, the district court must: (1) follow the procedures announced in United States v. Gall, 128 S. Ct. 586 (2007), giving meaningful consideration to the pertinent sentencing factors embodied in 18 U.S.C. § 3553(a); and (2) provide an adequate justification for the within-Guidelines sentence imposed. See United States v. Levinson, 543 F.3d 190, 194-96 (3d Cir. 2008). Appellant's 21-month sentence did not exceed the statutory maximum, the District Court's process conformed to the procedures

---

[2]Counsel points out that the District Court failed to inform Appellant of the statutory elements of the offense. As Appellant did not object to this omission below, we would review any defects for plain error. See United States v. Goodson, 544 F.3d 529, 539 (3d Cir. 2008) (citing United States v. Vonn, 535 U.S. 55 (2002)). The failure to inform a defendant of the statutory elements of the crime with which he is charged cannot constitute plain error because a district court is not *required* under Rule 11 to "spell out the elements of the charge in order to inform the defendant adequately." In re Sealed Case, 283 F.3d 349, 353 (D.C. Cir. 2002). Consequently, any arguments asserting this issue would be frivolous.

announced in <u>Gall</u>,[3] and the District Court provided an adequate justification for its choice of sentence—notwithstanding Appellant's request for a downward variance to a 15-month sentence—such that we are confident it gave meaningful consideration to the § 3553(a) factors. Consequently, Appellant can raise no nonfrivolous issues with respect to the legality of his sentence.

IV.

We conclude that Counsel has fulfilled his obligation under <u>Anders</u> and the Local Appellate Rules to provide an adequate no-merit brief to guide our independent review of the record. We have found no nonfrivolous issues for appeal, and we are satisfied that the requirements of <u>Anders</u> have been met. Accordingly, we will affirm the judgment of the District Court and, in a separate order, grant Counsel's motion to withdraw.

---

[3]There was one minor error in the Guidelines calculation in that the District Court capped the top end of the Guidelines range at 24 months, believing that a two-year statutory maximum applied when, in fact, the applicable statutory maximum was 10 years due to Appellant's prior felony conviction. <u>See</u> 8 U.S.C. § 1326(b)(1) (enhancing the maximum sentence to 10 years "in the case of any alien described in [subsection (a)] . . . whose removal was subsequent to a conviction for commission of . . . a felony (other than an aggravated felony)"); PSR ¶ 12 (observing that Appellant "was previously deported . . . after convictions for felonies"). However, given that the District Court sentenced Appellant at the bottom end of the Guidelines range, which did not change, it is readily apparent that the application of the two-year cap had no effect on Appellant's sentence. <u>Cf.</u> <u>United States v. Knight</u>, 266 F.3d 203, 208 (3d Cir. 2001) (noting that a Guidelines calculation error does not require a sentencing remand where "the record shows that the sentence was unaffected by the error"). Consequently, Appellant's substantial rights were not affected by this minor error. <u>See</u> <u>United States v. Wood</u>, 486 F.3d 781, 790 n.6 (3d Cir. 2007) (quoting <u>United States v. Nappi</u>, 243 F.3d 758, 762 (3d Cir. 2001)).