NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2011
Decided May 19, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1568

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 07 CR 655-1 |
| SURINDER MULTANI, | |
| aka SAM MULTANI, | Rebecca R. Pallmeyer, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Surinder Multani, a native of India and currently a permanent resident of the United States, wanted the Small Business Administration to guarantee a $1.35 million loan for a business venture. The SBA gave approval conditioned upon Multani putting $470,000 of his own money into the venture. Multani had only $150,000 in his bank account, so he convinced a friend at the bank to write a letter stating that his balance was $470,000 and to issue seven cashier's checks totaling $450,000. Multani then got his $1.35 million loan and returned the bogus cashier's checks to his bank after showing them at the loan closing. Multani later defaulted on the loan, and he pleaded guilty to causing the bank employee to issue cashier's checks that were not backed by sufficient funds, in violation of 18 U.S.C. § 1005. He also admitted his involvement in many other fraudulent SBA loans totaling $44 million. The district court sentenced Multani to 135 months in prison. Multani filed a notice of appeal, but his appointed lawyer has concluded that the case is frivolous and seeks to

withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Multani opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate submission and Multani's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

As part of a plea agreement, Multani waived the right to appeal his conviction or sentence. He also agreed to forego, with limited exceptions, any collateral challenge under 28 U.S.C. § 2255. Those waivers are binding if Multani's guilty plea was voluntary, *see Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008); *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002), so our starting point is the plea. Multani has told counsel that he wants it set aside, so counsel appropriately has examined the adequacy of the colloquy and the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). But since Multani did not move to withdraw that plea in the district court, our review of any appellate claim would be for plain error only. *See United States v. Vonn*, 535 U.S. 55, 59 (2002)*; United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008). Counsel identifies two omissions in the plea colloquy, but we agree with him that any argument based on these shortcomings would be frivolous.

Counsel first points out that the district court did not explain the essential elements of the charge to Multani. The pertinent rule requires that a court disclose the nature of the charge and confirm the defendant's understanding, FED. R. CRIM. P. 11(b)(1)(G), and typically that step is accomplished by reading the charge and listing the essential elements, *see Griffin*, 521 F.3d at 729; *United States v. Gibson*, 356 F.3d 761, 764 (7th Cir. 2004). The district court did neither (although the prosecutor briefly summarized the critical portion of the information), but we would not find plain error in that omission. The information is sufficiently detailed to convey the nature of the charge, *see Torzala v. United States*, 545 F.3d 517, 523-24 (7th Cir. 2008); *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 197-98 (2d Cir. 2002), and both the plea agreement and the government's offer of proof at the plea colloquy adequately detailed the nature of the charge against Multani, *see United States v. Page*, 520 F.3d 545, 547-48 (6th Cir. 2008); *Frederick*, 308 F.3d at 197-98; *In re Sealed Case*, 283 F.3d 349, 352-54 (D.C. Cir. 2002). In particular, if appellate counsel is correct in assuming that intent to defraud is an element of the crime defined by paragraph 2 of § 1005, the subsection under which Multani was charged, *compare United States v. Harvard*, 103 F.3d 412, 422 (5th Cir. 1997), *and United States v. Pollack*, 503 F.2d 87, 91 (9th Cir. 1974), *with United States v. Malone*, 837 F.2d 670, 672-73 (5th Cir. 1988), *and Harrison v. United States*, 279 F.2d 19, 23-24 (5th Cir. 1960), then both the plea agreement and the government's factual basis readily establish that Multani intended to defraud the bank when he persuaded its employee to issue the checks despite knowing he had insufficient funds to back them. Indeed, in the plea agreement Multani *stipulated* that he engaged in a longrunning scheme to defraud that began with the events underlying the § 1005 offense. Multani conceded during the plea colloquy that the government would be able to prove that he committed

that crime, and his representations to the court in that proceeding are presumed truthful. *Schuh*, 289 F.3d at 975; *United States v. Pike*, 211 F.3d 385, 389 (7th Cir. 2000).

In his Rule 51(b) response, however, Multani proposes that his guilty plea was involuntary because, he maintains, the facts he admitted could not constitute a violation of § 1005. He reads *United States v. Barel*, 939 F.2d 26 (3d Cir. 1991), to hold that the government cannot prosecute bank *customers* under § 1005 because the statute criminalizes malfeasance by bank *employees*. But that is not what *Barel* says. In that decision the Third Circuit reviewed a conviction under paragraph 3 of § 1005 and observed that bank customers acting on their own are not subject to liability under § 1005. *Id.* at 41. The court stopped short of declaring that no bank customer can be prosecuted for causing, or aiding and abetting, a § 1005 offense, *see* 18 U.S.C. § 2(a), (b), and instead concluded that the particular facts of that case—the defendant's use of a false social security card to open several bank accounts—did not assist or precipitate a prosecutable violation of the statute, *Barel*, 939 F.2d at 41-43; *see United States v. Curran*, 20 F.3d 560, 568 (3d Cir. 1994). And more recently the 10th Circuit, acknowledging *Barel*, recognized that customers who aid and abet a bank employee may be convicted under § 1005. *See United States v. Weidner*, 437 F.3d 1023, 1038 (10th Cir. 2006). Multani's argument to the contrary would be frivolous.

Appellate counsel identifies one other omission in the plea colloquy: the district court did not inform Multani that his property may be subject to forfeiture. *See* FED. R. CRIM. P. 11(b)(1)(J). But we would conclude that this error was harmless. Multani knew he faced forfeiture: the information includes a count for forfeiture, and he agreed to the forfeiture in his plea agreement. Moreover, there is nothing in the record or in his Rule 51(b) response suggesting that Multani would not have pleaded guilty had the court discussed with him the forfeiture count at the plea colloquy. *See United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).

It follows that, because Multani's guilty plea would stand, so too would his waivers of appeal and of postconviction relief. Thus, Multani's proposed arguments about the restitution the district court ordered and the matters surrounding his sentencing would be barred. *See United States v. Quintero*, 618 F.3d 746, 751-53 (7th Cir. 2010). The same might well be true concerning Multani's proposal to claim that the lawyer who represented him at the plea colloquy never told him that his guilty plea might lead to his removal from the country and thus rendered ineffective assistance. Lawyers now must advise their clients whether a guilty plea carries the risk of deportation, *Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010), but we have only Multani's representation that he did not know the immigration consequences of his guilty plea before it was entered. What is certain, though, is that Multani changed lawyers after he pleaded guilty, and his new counsel did advise him that a conviction carried the risk of removal. And yet rather than move to withdraw his guilty plea, Multani instead argued at sentencing that he should receive a lower sentence due to

the likelihood that he will lose his resident status. By this maneuver Multani arguably waived any claim about the prior lawyer's performance. *See United States v. Davis*, 121 F.3d 335, 338-39 (7th Cir. 1997). Moreover, even if this claim was not waived, it is better saved for a motion under § 2255, where the necessary factual predicate can be developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557 (7th Cir. 2005). Even that possibility appears to be foreclosed, however, by Multani's waiver of relief under § 2255.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Multani's appeal.